IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC.<br>Plaintiff<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE AIR FORCE<br>Defendant | No. 04-1141C<br><br>(Judge Bush) |

**STRUCTURAL CONCEPTS, INC.'S REPLY AND AFFIRMATIVE DEFENSES TO UNITED STATES OF AMERICA, DEPARTMENT OF THE AIR FORCE'S COUNTERCLAIM**

Plaintiff Structural Concepts, Inc. ("SCI") by and through its counsel, hereby files this reply and affirmative defenses to the Defendant, United States of America, Department of the Air Force's ("the Air Force") Counterclaim as follows:

20. Admitted.

21. Denied as stated. By way of additional answer, SCI believes and therefore avers that Contract No. F28609-99-C-0005 ("the Contract") was not properly awarded to SCI on November 30, 1998. By way of further answer, SCI was not timely or properly notified of the award of the contract. Strict proof of these averments is demanded at trial.

22. Admitted that the Contracting Officer issued a final decision regarding the imposition of liquidated damages on March 19, 2004 ("the CO's LD decision"). It is denied that the decision was proper or in accordance with the project requirements or otherwise authorized by law. It is denied that the CO's LD decision issued was correct in any material respect.

23. Denied as a conclusion of law to which no response is required. To the extent a response is required, the Contract is a written document that speaks for itself; any interpretation given to it by the Air Force is strictly denied. Further, it is denied that the Air Force can impose liquidated damages against SCI under the facts and applicable law of this matter.

24. Denied as a conclusion of law to which no response is required. To the extent a response is required, the Contract is a written document that speaks for itself; any interpretation given to it by the Air Force is strictly denied. By way of additional answer, it is denied that the Air Force has properly withheld any monies from Plaintiff.

25. Denied. It is admitted only that the Air Force claims that the final completion date was December 19, 2002. SCI contends that the Air Force wrongfully refused to extend the completion date, and/or has wrongfully imposed a completion date upon SCI. Further, it is denied that the Air Force can impose liquidated damages against SCI under the facts and applicable law of this matter.

26. Denied. By way of additional answer, it is denied that January 7, 2004 was a proper completion date. Further, it is denied that the Air Force had authority to impose a completion date of January 7, 2004 upon SCI, or that any such imposition properly took into account the impacts to SCI's work. Finally, it is denied that the Air Force has authority to impose liquidated damages through January 7, 2004.

27. Denied as a conclusion of law to which no response is required. To the extent a response is required, it is denied that the Air Force has properly assessed liquidated damages. SCI believes and therefore avers that the Air Force has assessed liquidated damages against SCI in and arbitrary, vexatious and illegal manner.

WHEREFORE, Plaintiff Structural Concepts, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, together with costs, attorneys' fees, interest and such other relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff incorporates all of the paragraphs 1 through 19 of its Complaint and paragraphs 20 through 27 of Plaintiff's Answer to the Defendant's Counterclaim as if set forth at length herein.

### SECOND AFFIRMATIVE DEFENSE

Defendant's counterclaim fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the Defendant's counterclaim.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's counterclaim is barred by principles of equitable estoppel and/or estoppel by laches.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's counterclaim against Plaintiff is barred because Plaintiff performed in accordance with the parties' contract.

### SIXTH AFFIRMATIVE DEFENSE

______Defendant's counterclaim is barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

______Defendant's counterclaim is barred by impossibility of performance.

EIGHTH AFFIRMATIVE DEFENSE

Defendant's counterclaim is barred by the Air Force's own actions and/or omissions as set forth more fully in the Complaint.

NINTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim for Liquidated Damages is barred, *inter alia*, by the contract and applicable statutes and regulations and is improper. At all relevant times, SCI requested and was improperly denied, requests for extensions of time and additional compensation.

WHEREFORE, Plaintiff Structural Concepts, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against the Defendant United States of America, Department of the Air Force, together with costs, attorneys' fees, interest and such other relief as the Court may deem appropriate.

Respectfully submitted,

POWELL, TRACHTMAN, LOGAN, CARRLE
& LOMBARDO, P.C.

By: s/ David W. Francis

David W. Francis
Kelly H. Decker
114 North Second St.
Harrisburg, PA 17101
(717) 238-9300
(717) 238-9325
*Attorneys for Structural Concepts, Inc.*

Date: November 2, 2004

**Certificate of Service**

I hereby certify that on this 2nd day of November, 2004, a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_s/ Kelly H. Decker_________