IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STRUCTURAL CONCEPTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1141C |
| | ) | (Judge Bush) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report.

**a. Does the Court have jurisdiction over the action?**

Plaintiff asserts that the Court possesses jurisdiction to entertain this suit pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et seq. ("CDA"), and the Tucker Act 28 U.S.C. § 1491(a)(1). Defendant is currently unaware of any impediment to the Court's jurisdiction.

**b. Should the case be consolidated with any other case and the reasons therefor?**

The case should not be consolidated with any other case. There are no related cases pending.

**c. Should the trial of liability and damages be bifurcated and the reasons therefor?**

The trial of liability and damages should not be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor?**

The parties agree that it is not necessary to defer proceedings of this case pending the disposition of any other case.

**e. Will a remand or suspension be sought and the reasons therefor and the proposed duration?**

A remand or suspension will not be sought.

**f. Will additional parties be joined?**

Additional parties will not be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?**

The parties may file dispositive motions in this case. A proposed schedule for the filing of dispositive motions is included in the parties' Proposed Discovery Plan included herein.

**h. What are the relevant factual and legal issues?**

**Plaintiff's statement of issues:**

1. Whether defendant delayed completion of the contract for building renovations, resulting in recoverable costs for plaintiff.
2. Whether defendant failed to provide timely acceptance of plaintiff's bid causing an untimely start of the project work.
3. Whether the plaintiff is entitled to damages and/or an extension of time due to the discovery of termite infestations within VOQ 2704, where the infestation was neither disclosed nor anticipated by plaintiff.

4. Whether plaintiff is entitled to damages and/or an extension of time due to errors and/or omissions in the design of the project as reflected in the plans, drawings and specifications.

5. Whether plaintiff is entitled to damages and/or an extension of time due to the improper processing of applications for payment submitted by plaintiff.

6. Whether defendant is responsible for delays and suspensions of work experienced by plaintiff.

7. Whether defendant failed to accept the work after it was substantially completed.

8. Whether defendant is entitled to liquidated damages.

9. Whether plaintiff is entitled to remission of the liquidated damages, payment of its full contract balance, and/or payment of its costs for delay, impact and disruption.

**Defendant's statement of issues:**

1. Whether defendant delayed completion of the contract for building renovations without providing compensation to plaintiff, resulting in recoverable costs for plaintiff.

2. Whether defendant is entitled to liquidated damages because plaintiff did not complete the renovations prior to contract's completion date.

**i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties have conferred concerning both of these topics and have agreed to make reasonable efforts to settle the matter at an early juncture. If that effort is not successful, the parties agree to discuss the possibility of utilizing the procedures for alternative dispute resolution set forth in Appendix H of the RCFC.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

The parties anticipate proceeding to trial, if this matter cannot be resolved by dispositive motion, settlement or through the Alternative Dispute Resolution process. Neither party requests an expedited trial schedule, and the parties request that a trial of this action, if necessary, take place in Washington, D.C.

**k. Are there special issues regarding electronic case management needs?**

There are no special issues regarding electronic case management needs.

**l. Is there other information of which the Court should be aware at this time?**

There is no other information of which the Court should be aware at this time.

**Proposed Discovery Plan:**

1. The parties propose January 31, 2005, as the deadline to exchange initial disclosures;
2. The parties propose September 15, 2005, as the deadline for fact discovery;
3. The parties propose November 15, 2005, as the deadline for the disclosure of expert reports;
4. The parties propose that all discovery will be completed on or before December 30, 2005;
5. The parties propose that dispositive motions, if any, shall be filed no later than January 31, 2006;
6. The parties believe that a pre-trial conference may be scheduled in March, 2006;

The parties believe this discovery plan will allow sufficient time to conduct orderly discovery and to explore settlement negotiations and/or alternative dispute resolution, if appropriate.

Respectfully submitted,

For Plaintiff:

s/Kelly H. Decker
DAVID W. FRANCIS
KELLY H. DECKER
Powell, Trachtman, Logan, Carrle & Lombardo
114 North Second Street
Harrisburg, PA 17101
Attorneys for Plaintiff

For Defendant:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-5958
Fax: (202) 305-2118

OF COUNSEL:
JOHN LAURO
DENISE McLANE
United States Air Force
Attorneys for Defendant

December 22, 2004