# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | NO. 04-1141 C<br><br>JUDGE LYNN J. BUSH |

## PLAINTIFF STRUCTURAL CONCEPTS INC.'S MOTION TO COMPEL PURSUANT TO RCFC 37(a)(2)(B)

Plaintiff, Structural Concepts, Inc. ("SCI"), by and through its undersigned counsel, moves this Court for an Order compelling production of certain documents identified in the privilege log provided by Defendant, the United States ("United States" or "Government") and for a more detailed privilege log pursuant to RCFC 37(a)(2)(B) as follows:

1. On July 12, 2004, Plaintiff SCI commenced the present action by filing a Complaint against the United States.

2. This lawsuit involves Contract Number F28609-99-0005 between SCI and the Government for renovations and alterations to Building 2704 Visiting Officers Quarters at McGuire Air Force Base, New Jersey (the "Project").

3. The Complaint alleges, among other things, that SCI is entitled to an extension of time due to delays caused by the Government, for extra costs and damages incurred as a result of the delays caused by the Government, and for a remission of liquidated damages imposed by the Government as a result of the delays to the Project.

4. On March 7, 2005, SCI served discovery requests on the Government, including Plaintiff Structural Concepts, Inc.'s Interrogatories to Defendant – First Set and Plaintiff Structural Concepts, Inc.'s Request for Production of Documents – First Set.

5. On or about June 22, 2005, the Government served responses to the Interrogatories and Requests for Documents, respectively. The responses include some objections and are insufficient, in part.

6. Relevant to this motion, the Government's responses also included a 14 page privilege log. A copy of the privilege log is attached to this Motion as Exhibit A.

7. The privilege log is vague, ambiguous and insufficient in that it fails to identify pertinent information such as: (a) the recipient of the identified communication; (b) whether the sender or recipient are attorneys; (c) a sufficient description of the subject matter of the communication over which the Government asserts the privilege so that SCI can assess the Government's claim of confidentiality; and (d) the specific basis for the claim of either the attorney-client or work product privileges.

8. On August 5, 2005, SCI's counsel sent a detailed letter to the Government's counsel setting forth the deficiencies and inadequacies in the Government's responses including the privilege log. The letter requested that the Government address these deficiencies in a timely manner. A copy of SCI's August 5, 2005 letter to the Government is attached to this Motion as Exhibit B.

9. With respect to the privilege log, SCI informed the Government of the following deficiencies:

> <u>Fourth</u>, your privilege log is deficient. It does not provide sufficient information to justify the withholding of information. The log does not identify the specific topic of the document, the specific basis for the allegation that it is either a protected attorney-client communication and/or work product or the identity of the individual to who it was provided. Based upon this lack of information, it is extraordinarily difficult to assess your claim of confidentiality. There is no reason provided as to why confidential

information cannot be redacted from the documents identified. Please address this deficiency.

10. To date, the Government has not responded to SCI's letter nor has the Government modified its privilege log to address the deficiencies identified by SCI.

11. The Government's failure to provide the requested documents is delaying SCI's ability to complete depositions and finalize an expert report. The deadline for fact discovery in this case is September 15, 2005.

12. Therefore, SCI files this motion to compel and relies on the accompanying brief in support of its Motion to Compel.

WHEREFORE, Structural Concepts Inc. respectfully requests that the Government be required to produce the documents listed in the privilege log in redacted form and provide a revised and more detailed privilege log provide a more detailed privilege log specifically identifying: (a) the recipient of the listed communications, (c) whether the sender and the recipient are attorneys, (b) a more detailed description of the subject matter of communication over which the Government asserts the privilege so that SCI can assess the Government's claim of confidentiality, and (d) the specific basis for the claim of either the attorney-client or work product privileges. Structural Concepts Inc. further requests that it be awarded expenses, including attorneys fees pursuant to RCFC 37(a)(4).

Rhoads & Sinon LLP

By: ___s/ David W. Francis

David W. Francis
Kelly H. Decker
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731
Attorneys for Plaintiff,
Structural Concepts Inc.

Date: September 9, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2005, a true and correct copy of the attached STRUCTURAL CONCEPTS INC.'S MOTION TO COMPEL and accompanying BRIEF IN SUPPORT OF STRUCTURAL CONCEPTS INC.'S MOTION TO COMPEL was served and filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s David W. Francis
David W. Francis