# EXHIBIT B

70 Years
RHOADS
& SINON LLP

David W. Francis
*ph* (717) 237-6738
*fx* (717) 231-6600
dfrancis@rhoads-sinon com

FILE NO: 9415/1

August 5, 2005

**Re: Structural Concepts, Inc. v. The United States; United States Court of Federal Claims Docket No. 04-1141C (Judge Bush); Completion of Discovery**

VIA E-MAIL AND U.S. MAIL
Thomas B. Fatouros
United States Department of Justice; Civil Division;
Attn: Classification Unit
1100 L St. N.W.
Washington, D.C. 20530

Dear Mr. Fatouros:

This letter follows up on and supplements our telephone discussion regarding discovery in this matter.

First, I informed you that the Answers to Interrogatories ("Answers") were not verified or signed as required by RCFC 33(b)(1) and (2). Please provide this as soon as possible.

Second, the Answers appear to have numerous deficiencies and/or unresolved issues. I address these below:

*Interrogatory No. 1.* This interrogatory required you to identify the residential and business address of the individuals you named. This was requested so that SCI could obtain discovery from these witnesses. You volunteered that you would arrange for all contact with these individuals. However, several of the named individuals are no longer employed by the United States. As an example, Linda I. Williams is retired. For each witness who you do not control, please provide their business and residential address so that they may be subpoenaed.

*Interrogatory No. 5.* This interrogatory requested you to state the reason the notice to proceed was not issued within the time frame required by the contract and/or promptly after the award of the contract. There is no dispute about the fact that the notice to proceed was issued beyond the specified deadline. In fact, the Air Force has produced documents which document that the award was not in accordance with law. Please provide the specific reason why the notice to proceed was not issued as required by the contract.

*Interrogatory No. 8.* This interrogatory asked you to state whether the characterization of the contract between "fixed price" and "cost reimbursement" was ever changed and who changed the characterization. Your response says that the contract "always remained a firm price contract." This is inconsistent with the Air Force's own documents. There are numerous

573950 1

documents reflecting that the contract was treated as a cost reimbursement contract for a substantial period of the contract duration. Accordingly, please provide a complete answer to this interrogatory.

Second, I informed you that, based upon my preliminary review of the documents you provided, it appears that the Air Force has not yet provided all documents responsive to SCI's request. Many of the e-mails provided reference attached documents; however it does not appear that the Air Force has attached all of these documents. As an example only, audit report 6341-2001K17200005 addressed the problems in the award process. This document was not in your production of documents. It does not appear to have been identified in your privilege log. Please provide this document or set forth a specific basis justifying your refusal to do so.

Third, I advised you that I would like to take the depositions of the following individuals: Linda Williams, Edward Baker, Carlen Capenos, Dennis Tudor, Lorenzo Lora, John Scirrotto,, LTC Bryan Smith, CPT David R. Scott and SSG Calvin Carter. You informed me that the United States would attempt to produce these witnesses. Please contact me as soon as possible if you are unable or unwilling to do so. SCI reserves the right to take additional depositions.

Fourth, your privilege log is deficient. It does not provide sufficient information to justify the withholding of information. The log does not identify the specific topic of the document, the specific basis for the allegation that it is either a protected attorney-client communication and/or work product or the identity of the individual to who it was provided. Based upon this lack of information, it is extraordinarily difficult to assess your claim of confidentiality. There is no reason provided as to why confidential information cannot be redacted from the documents identified. Please address this deficiency.

Fifth, you have provided me with attorney communications. As an example only, you provided me with a copy of an e-mail from Major Brian T. Varn, then a Judge Advocate stationed at the Air Force Material Command Legal Office which specifically addressed how the Air Force misinterpretation of the contract was its fault, that the threat of liquidated damages was most likely "toothless" and that the Air Force was going to "bluff" SCI as to their imposition; that the Air Force was at fault for SCI's loss of its HVAC sub-contractor, questioning whether I am sophisticated enough to understand this, admitting that SCI's arguments are "VERY good" (emphasis in the original), and stating that the Air Force "are **still** the bad guys on this one" (emphasis in the original). The e-mail further suggests that this information should be withheld from SCI. You provided it to me more than once. I am enclosing a copy of this document for your review.

I am advising you about this so that you may address whether the disclosures were inadvertent, and whether the Air Force would like to have the documents returned. If so, please identify the specific documents and provide me with a justification supporting your request that the documents be returned. Please ensure that your justification and evidence fully complies

with the standard set forth in *I.B.M. v. United States*, 37 Fed. Cl. 599, 1997 U.S. Claims Lexis 33 (1997). SCI will then review your position and respond appropriately.

Finally, you asked whether SCI would agree to an extension of time for the completion of discovery in this matter. I told you to put any such request in a letter and that I would forward it to SCI for its review.

Thank you for your attention to these matters.

SCI reserves all rights.

Very truly yours,

RHOADS & SINON LLP

By: David W. Francis

Enclosure

cc: George Moutis

**Lora Lorenzo GS-09 305 CES/CECC**

| | |
|---|---|
| From: | Selleny Kevin M TSgt 305 CES/CECC |
| Sent: | Wednesday, March 19, 2003 9:24 AM |
| To: | Lora, Lorenzo |
| Subject: | FW: LDs and agreement |

Al,

F.Y.I
Remember, this stays in-house Not a word to the contractor.
Thanks!

KEVIN M. SELLENY, TSgt, USAF
NCOIC, Construction Management
305 CES/CECC DSN 650-5019

-----Original Message-----
**From:** Tudor Dennis I GM13 305 CES/CEC
**Sent:** Tuesday, March 18, 2003 7:57 AM
**To:** Selleny Kevin M TSgt 305 CES/CECC
**Cc:** Meadows Tasha R Capt 305 CES/CECP
**Subject:** FW: LDs and agreement

for you action as required.

Dennis I Tudor
Chief Engineer
McGuire AFB NJ, 08641
1-609-754-6184
DSN 650-6184

-----Original Message-----
**From:** Wilson Scott D GM14 305CES/CD
**Sent:** Tuesday, March 18, 2003 7:50 AM
**To:** Tudor Dennis I GM13 305 CES/CEC; Meadows Tasha R Capt 305 CES/CECP
**Cc:** Smietana Michael Lt Col 305 CES/CC
**Subject:** FW: LDs and agreement

The advice of Wright Patt lawyer, Brian Varn, is that we should go ahead and make payments, regardless of our position that he owes us LDs. However, we need to do a good job of assuring we don't overpay That is, make sure we're withholding everything we have a right to At some point, we may need to estimate the cost of performing the remaining work (if he has a long punchlist), and determining the final payment based on (total cost minus cost to complete)

And please tell our inspector not to divulge this legal advice to the contractor We're far from resolving this and he shouldn't know what our lawyers are telling us

-----Original Message-----
**From:** Erazo Lidija GS-13 305 CONS/LGC
**Sent:** Monday, March 17, 2003 4:36 PM
**To:** Wilson Scott D GM14 305CES/CD

**Subject:** FW: LDs and agreement

*Scott,*

***Below is the response from Maj Varn on LDs related to Bldg 2704.***

*Lidija Erazo*
*Director of Business Operations*
*DSN: 650-5929*
*Com: (609) 754-5929*

-----Original Message-----
**From:** Capenos Carlen L GS-9 305 CONS/LGCB
**Sent:** Tuesday, March 11, 2003 9:38 AM
**To:** Burke Brendan P 1stLt 305 CONS/LGCB; Erazo Lidija GS-13 305 CONS/LGC
**Subject:** FW: LDs and agreement

Per our Thursday meeting with CE - I asked the question to Maj Varn about the LDs. Here is his response Carlen
-----Original Message-----
**From:** Varn Brian T Maj AFMCLO/JABE
**Sent:** Tuesday, March 11, 2003 9:13 AM
**To:** Capenos Carlen L GS-9 305 CONS/LGCB
**Subject:** RE: LDs and agreement

I think you are more correct. I definitely understand CE's concerns, but I think CE is forgetting our very untenable position on the rest of the contract Frankly, our threat to hold any of the LDs against him is most likely "toothless" because the misinterpretation of the contract is our fault. In large part, the LDs are a bluff and so far he's bit into it so we should just let it ride (at trial, we'll most likely end up paying a large portion of them back). If you are happy with the progress, then I think that is what is most important--especially if his progress is consistent and measurable.

In addition, if AMC/JA's read on the 'cost plus' misinterpretation of the contract is correct, then we for all effects and purposes, caused him to walk off the job and his loss of his HVAC sub-contractor is essentially "our" fault. I don't know if I necessarily agree with all of AMC's position on this, nor do I know if SCI's attorney is sophisticated enough to make that argument--but it is a VERY good argument none the less. We are on the short end of the stick on this, no matter what we do--so reasonable accommodation of the contractor is really the best we can hope for

I agree with you If we start withholding, it is going to cause nothing but problems. Short term in getting the job done, and long term at negotiations/ADR/litigation if necessary Everyone needs to remember that "we" are still the bad guys on this one. We need to proceed with care and caution

Hope this helps Shout if you need more

Brian

-----Original Message-----
**From:** Capenos Carlen L GS-9 305 CONS/LGCB [mailto:Carlen.Capenos@mcguire.af.mil]
**Sent:** Monday, March 10, 2003 4:23 PM
**To:** Varn Brian T Maj AFMCLO/JABE
**Subject:** LDs and agreement

ATTORNEY-CLIENT PRIVILEGE

Brian,

Structural has not signed the agreement for a completion date for Bldg 2704. Therefore, we do not have a modification extending the period of performance He submitted an invoice and it is being processed.

CE asked if we were holding the LDs since the completion date at this point it still 28 Nov 02. I said no. They think we should be holding so in case he walks away, at least we have that little bit. I disagreed They disagreed with me and we agreed to get your take on it

My opinion is that at this point things are actually moving along - mostly to do with good communication and "good faith." I'm afraid that if we hold LDs we are really going to antagonize him Additionally, thinking down the road when we end up in court, it will make us look bad, even if we technically are correct On the other hand, would LDs even stick?

We have a progress meeting tomorrow and I'll see if he will sign it. He is having a problem with his HVAC contractor committing to completion.

Also - CE was worried about getting any money back on LDs if he doesn't complete on time. He does have a MAC contract at Lakehurst, so we could always get money from there if he owes us LDs and we are authorized to take them

If you need more info, call me: DSN 650-5935 or 609-754-5935 in case your on the road.
Carlen

## Lora Lorenzo GS-09 305 CES/CECC

**From:** Smith Bryan Lt Col 305 CES/IMA
**Sent:** Tuesday, February 03, 2004 2:15 PM
**To:** Lora Lorenzo GS-09 305 CES/CECC
**Subject:** RE: 2704 Files

No I am not kidding, but I'm not tasking you to do it I'm just checking to see if your bosses have ignored this tasking They may want Joanne to do it or maybe they want to send it out for copying. Don't do anything yet, unless you hear from your boss

Thanks,
Bryan

-----Original Message-----
**From:** Lora Lorenzo GS-09 305 CES/CECC
**Sent:** Tuesday, February 03, 2004 2:09 PM
**To:** Smith Bryan Lt Col 305 CES/IMA
**Subject:** RE: 2704 Files

Currently, just one box that I'm aware of. I will have to check another office to make sure. In addition, I was not tasked to copy my files yet. Please tell me you are just kidding.

**Lorenzo A. Lora, GS-09, USAF**

**COTR, Construction Management**

**DSN: 650-3522**