IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC.,<br>Plaintiff,<br>v. | NO. 04-1141 C |
| THE UNITED STATES,<br>Defendant. | JUDGE LYNN J. BUSH |

**BRIEF IN SUPPORT OF PLAINTIFF STRUCTURAL CONCEPTS, INC.'S MOTION TO COMPEL PURSUANT TO RCFC 37(a)(2)(B)**

## I. PROCEDURAL HISTORY/STATEMENT OF FACTS

On July 12, 2004, Plaintiff Structural Concepts Inc. ("SCI") commenced this lawsuit filing a Complaint against the Defendant United States (the "United States" or the "Government"). This lawsuit involves Contract Number F28609-99-0005 between SCI and the Government for renovations and alterations to Building 2704 Visiting Officers Quarters at McGuire Air Force Base, New Jersey (the "Project").

The Complaint alleges, among other things, that SCI is entitled to an extension of time due to delays caused by the Government, for extra costs and damages incurred as a result of the delays caused by the Government, and for a remission of liquidated damages imposed by the Government as a result of the delays to the Project.

On March 7, 2005, SCI served discovery requests on the Government, including Plaintiff Structural Concepts, Inc.'s Interrogatories to Defendant – First Set and Plaintiff Structural Concepts, Inc.'s Request for Production of Documents – First Set. On or about June 22, 2005, the Government served responses to the Interrogatories and Requests for Documents, respectively. The responses include objections and are insufficient, in part. Significant for purposes of this motion, the Government's responses also included a 14 page privilege log. A

copy of the privilege log is attached to this accompanying Motion as Exhibit A. As explained in more detail below, the privilege log is vague, ambiguous and totally insufficient in that it fails to identify pertinent information such as: (a) the recipient of the identified communications; (b) whether the sender or recipient are attorneys; (c) a sufficient description of the subject matter of the communication over which the Government asserts the privilege; and (d) the specific basis for the claim of either attorney-client or work product privileges.

On August 5, 2005, SCI's counsel sent a detailed letter to the Government's counsel setting forth the deficiencies and inadequacies in the Government's responses including the privilege log. The letter requested that the Government address these deficiencies in a timely manner. A copy of SCI's August 5, 2005 letter to the Government is attached to the accompanying Motion as Exhibit B. With respect to the privilege log, SCI informed the Government of the following deficiencies:

> Fourth, your privilege log is deficient. It does not provide sufficient information to justify the withholding of information. The log does not identify the specific topic of the document, the specific basis for the allegation that it is either a protected attorney-client communication and/or work product or the identity of the individual to who it was provided. Based upon this lack of information, it is extraordinarily difficult to assess your claim of confidentiality. There is no reason provided as to why confidential information cannot be redacted from the documents identified. Please address this deficiency.

To date, the Government has not responded to SCI's letter nor has the Government revised its privilege log to address the enumerated deficiencies. The Government's failure to provide the requested documents is delaying SCI's ability to complete depositions and finalize an expert report. The deadline for fact discovery in this case is September 15, 2005.

Accordingly, SCI files this motion to compel the documents itemized in the privilege

log in redacted form or to compel the Government to provide a more detailed privilege log that contains a more specific description of the document withheld, the identity of the recipient, whether the sender or recipient are attorneys and the basis for asserting either the attorney client or work product privilege so that SCI and the Court can assess whether these documents are in fact privileged.

## II. ARGUMENT

Rule 37(a)(2)(B) of the United States Court of Federal Claims ("RCFC") permits a party to file a motion to compel answers to discovery from the responding party who fails to adequately respond to discovery requests. RCFC 37(a)(2)(B) provides, in pertinent part:

> [I]f a party, in response to a request for inspection submitted under RCFC 34 fails to respond that inspection will be permitted as request or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

Here, the Government has withheld numerous documents based upon an asserted privilege and has produced a 14 page privilege log listing the documents withheld. However, for the reasons stated in this brief, the privilege log is entirely deficient. Accordingly, SCI moves this Court to compel the Government to produce the documents requested pursuant to RCFC 34 and also to provide a more detailed privilege log that more sufficiently identifies the documents over which the Government claims a privilege.

Generally, Rule 26(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") provides that "[p]arties may obtain discovery regarding any matter, *not privileged*, that is relevant to the claim or defense of any party." RCFC 26(b)(1); *Marriott Int'l Resorts, L.P. v. United States*, 61 Fed. Cl. 411, 415 (Fed. Cl. 2004). "The Federal Circuit has instructed that questions of scope and conduct of discovery are, of course, committed to the discretion of

the trial court." V*ons Cos. v. United States*, 51 Fed. Cl. 1, 7 (Fed. Cl. 2001). In deciding whether to compel discovery, this court must balance potentially conflicting goals. *Id.*

A "court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." *Id.* citing *Heat & Control, Inc. v. Hester Indus. Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (quoting Fed.R.Civ.P. 26(b)(1), Notes of Advisory Committee on Rules 1983 Amendment). As the Supreme Court has opined, "no longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." *Hickman v. Taylor*, 329 U.S. 495, 507, 91 L.Ed. 451, 67 S. Ct. 385 (1947).

Rule 26(b)(5) governs claims of privilege and/or work product and provides a general description of what a party asserting a privilege must set forth in a privilege log:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protections.

The Federal Court of Claims has addressed the issue of privilege logs and has determined that, for each document for which the privilege is claimed, at a minimum the privilege log should contain:

(1) a description of the type of document (e.g. an opinion letter);

(2) the topic of the document;

(3) the date the document was prepared;

(4) the writer who prepared the document;

(5) the recipient of the document;

(6) an explanation as to why the matter is deemed to be privileged (which privilege is being invoked).

*See Yankee Atomic Elec. Co. v. United States*, 54 Fed. Cl. 306, 309 (Fed. Cl. 2002)(enumerating the customary contents of a privilege log); *see also* Moore's Federal Practice, vol. 6, ch. 26, §26.90, *Procedure for Asserting Claims of Privilege or protection of Trial Preparation Materials* (2005)(including the above listed items and adding other items to be contained in privilege logs: (a) the purpose for preparing the document or communication, and (b) how the document or communication satisfies the asserted privilege(s)).

A party asserting a privilege must provide detailed information because both the attorney-client privilege and work product doctrine limit the scope of discovery. *Cabot v. United States*, 35 Fed. Cl. 442, 444 (Fed. Cl. 1996). The assertion of privileges are strictly construed because privileges impede full and free discovery of the truth. *Id.* The burden of establishing the attorney client privilege rests upon the party claiming the privilege. *Id.* The attorney work product privilege attaches to documents prepared in anticipation of litigation for trial by a party or its representative. *Id.* citing *Hickman v. Taylor*, 329 U.S. 495, 511-512, 91 L.Ed. 451, 67 S. Ct. 385 (1947). If the primary motivating purpose behind the creation of the document is not to assist in pending or impending litigation, then a finding that the document enjoys work product immunity is not mandated." *Cabot*, supra, 35 Fed. Cl. at 445.

The Government has failed to satisfy its burden of establishing that the communications listed in its 14 page privilege log are protected by either the attorney-client privilege or the work product doctrine. <u>First</u>, the privilege log is in the form of a chart with 4 columns of characteristics in support of asserting privilege: (1) Document/subject, (2) Date, (3) Sender and

(4) Privilege. [1] See Exhibit A attached to accompanying Motion. Under the test articulated in *Yankee Atomic Elec. Co. v. United States, supra*, the privilege log lacks sufficient information to establish that the documents listed are privileged in any way.

Second, the Government fails to identify the recipients of any of the communications. Only the sender is listed. Relatedly, the Government does not identify whether the sender is, in fact, an attorney.[2] It is therefore impossible for SCI to determine whether any of the communications identified are in fact protected by the attorney-client privileged or the work product doctrine.

Third, the privilege log does not identify whether the communications were copied to anyone. This fact is particularly significant because it would determine whether the Government has, in fact, waived any of the asserted privileges.

Fourth, the privilege log does not identify the specific topic or description of the subject matter of the document. By way of example only, the Government asserts that the following are protected by both the attorney client and work product privileges:

---

[1] Incidentally, the United States' First Set of Interrogatories and First Request for Production of Documents requests more specific information of SCI, if it claims that a document is privileged, than the U.S has provided to SCI in its privilege log. Specifically, paragraph E of the Definitions and Instructions provides:

> E. Should you claim privilege for any documents, you are to provide a list of responsive documents which are withheld upon such a claim with the following information:
>
> (1) Principals. The name and title of the author(s), sender(s), address(s), and recipient(s).
> (2) Date. The date the document was originated.
> (3) Publications. The date and title of each person to whom the contents of the documents has been communicated (by copy, exhibition, reading, summarization, or otherwise).
> (4) Descriptions. A description of the nature and subject matter of the document.
> (5) Privilege. A statement of the privilege and the basis upon which it is asserted.
>
> Notwithstanding a claim that a document is privileged, any document so withheld must be produced with the portion claimed to be protected excised.

[2] SCI is not contending that it does not know who any of the individuals are or whether they are attorneys.

| Document/subject | Date | Sender | Privilege |
|---|---|---|---|
| Email/Re2704 Claim, 4pgs | 18 Jun 2001 | Denise McLane | AC, WP |
| Email/4pgs | 30 Oct 2001 | Denise McLane | AC |
| Email/Contract F28609-98-C-0005, 2 pgs | 31 Jul 2001 | Denise McLane | AC, WP |
| Email/McGuire VQ, 4pgs | 22 Jan 2001 | Denise McLane | AC |
| Email/Schedule Update, 2 pgs | 18 Oct. 2002 | Carlen L. Capenos | AC |
| Email/July 2nd letter, 1 pg | 27 Aug 02 | Denise McLane | AC |
| Email/PTFL 96-1001, 3 pgs | 4 Nov 1999 | SSgt Charles Dugan | AC, WP |
| Email/T4D action, 2 pgs | 06 Jan 03 | Denise A. McLane | AC, WP |

The above chart provides only a small fraction of the insufficient entries contained in the Government's privilege log. It is evident from the few cited examples that the subject matter of the communications is entirely inadequate. Identifying the subject matter of an email communication as the contract number or "McGurie VQ" does not identify anything because generally speaking, it could be said that every communication (relating to SCI) involves either the contract or the project. Similarly, an identification such as "PTFL 96-1001" or "T4D action" is entirely evasive and vague because it is an abbreviation that means nothing to SCI because it is not defined anywhere in the privilege log. As discussed above, it is the Government's burden to set forth the basis of the privilege. *Cabot*, *supra*, 35 Fed. Cl. at 444. It is not SCI's burden to figure it out from the vague and cryptic log provided.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Structural Concepts Inc. respectfully requests that this Court order the production of the documents identified in the privilege log in redacted form and

the production of a revised privilege log which contains: (a) the identity of the recipient of the listed communications, (b) whether the sender and the recipient are attorneys, (c) a more detailed description of the subject matter of communication over which the Government asserts the privilege so that SCI can assess the Government's claim of confidentiality, and (d) the specific basis for the claim of either the attorney-client or work product privileges. Structural Concepts Inc. further requests that it be awarded expenses, including attorneys fees pursuant to RCFC 37(a)(4).

Rhoads & Sinon LLP

By: /s David W. Francis
David W. Francis
Kelly H. Decker
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff,
Structural Concepts, Inc.

Date: September 9, 2005