**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC., Plaintiff, | NO. 04-1141 C |
| v. | |
| THE UNITED STATES, Defendant. | JUDGE LYNN J. BUSH |

**PLAINTIFF STRUCTURAL CONCEPTS INC.'S**
**MOTION FOR PROTECTIVE ORDER**

Plaintiff, Structural Concepts, Inc. ("SCI"), by and through its undersigned counsel, moves this Court for a Protective Order from Answering Interrogatories propounded by Defendant, the United States (the "United States" or the "Government") in excess of the limitations set forth in the Rules of the Court of Federal Claims as follows:

1. On July 12, 2004, Plaintiff SCI commenced the present action by filing a Complaint against the United States.

2. This lawsuit involves Contract Number F28609-99-0005 between SCI and the Government for renovations and alterations to Building 2704 Visiting Officers Quarters at McGuire Air Force Base, New Jersey (the "Project").

3. The Complaint alleges, among other things, that SCI is entitled to an extension of time due to delays caused by the Government, for extra costs and damages incurred as a result of the delays caused by the Government, and for a remission of liquidated damages imposed by the Government as a result of the delays to the Project.

4. On or about August 10, 2005, the Government served Defendant's First Set of Interrogatories and Defendant's First Set of Requests for Production of Documents on SCI. A copy of the Government's discovery requests to SCI are attached to this Motion as Exhibit A.

5. Although the Government numbered the Interrogatories to SCI 1through 15, each of the fifteen interrogatories contains subparts which, when counted individually, far exceed that which is permissible under RCFC 33(a) governing interrogatories.

6. On August 15, 2005, SCI sent a letter to the Government objecting to the interrogatories on the basis that they exceed the limitation of 25 interrogatories set forth in RCFC 33(a) and requested that the Government revise and re-serve the Interrogatories in accordance with the Rules of Court by August 19, 2005. A copy of SCI's August 15, 2005 correspondence to the Government is attached to this Motion as Exhibit B.

7. By letter dated August 17, 2005, the Government refused to provide amended interrogatories on the basis that "none of the Government's 15 interrogatories contains discreet subparts within the meaning of RCFC." A copy of the Government's August 17, 2005 correspondence to SCI is attached to this Motion as Exhibit C.

8. On August 24, 2005, SCI sent correspondence to the Government analyzing the reasons that the Government's interrogatories are in violation of RCFC 33(a) because they contain voluminous subparts which far exceed the 25 interrogatory limit contained in the applicable Rules. SCI provided examples of how the interrogatories exceed the permissible limitations. SCI again requested that the Government provide revised interrogatories by September 1, 2005, otherwise, SCI would file a motion for protective order. A copy of SCI's August 24, 2005 correspondence to the Government is attached to this Motion as Exhibit D.

9. On September 1, 2005, the Government responded to SCI's letter that the subparts contained in each of its 15 interrogatories were related subparts and therefore within the permissible limits of the Rules. The Government again refused to revise its requests. A copy of the Government's September 1, 2005 correspondence to SCI is attached to this Motion as Exhibit E.

10. Rule 26(c) of the Court of Federal Claims provides, in pertinent part:

> Upon motion by a party. . .accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; . . .(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery to be limited to certain matters.

11. Rule 33(a) of the Rules of the Court of Federal Claims provides, in pertinent part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, **not exceeding 25 in number, including all discrete subparts,** to be answered by the party served, . . .

12. By SCI's very generous count, the Government has served at least sixty-one (61) separate interrogatories on SCI.

13. The excessive number of interrogatories served on SCI by the Government are designed to annoy, oppress and unduly burden SCI causing it to incur unnecessary expenses in answering them. Consequently, a protective order is warranted pursuant to RCFC 26(a).

14. As evidenced by the attached Certification of David W. Francis, counsel for SCI, SCI has conferred with counsel for the Government in good faith in an effort to resolve the

within dispute regarding the excessive number of interrogatories propounded on SCI by the Government, but was unsuccessful. Thus, SCI seeks this court's intervention.

15. SCI seeks a protective order limiting the number of interrogatories to 25 as provided by RCFC 33(a) and relies on the accompanying Brief and Certification of David W. Francis in support thereof.

WHEREFORE, Structural Concepts Inc. respectfully requests that the Government be required to revise its interrogatories in accordance with RCFC 33(a) to provide no more than 25 interrogatories together with discrete subparts. Structural Concepts Inc. further requests that it be awarded expenses, including attorneys fees pursuant to RCFC 37(a)(4).

Rhoads & Sinon LLP

By: /s David W. Francis
David W. Francis
Kelly H. Decker
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff,
Structural Concepts, Inc.

Date: September 9, 2005

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 9, 2005, a true and correct copy of the attached STRUCTURAL CONCEPTS INC.'S MOTION FOR PROTECTIVE ORDER and accompanying BRIEF IN SUPPORT OF STRUCTURAL CONCEPTS INC.'S MOTION TO FOR PROTECTIVE ORDER was served and filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s David W. Francis
David W. Francis