# EXHIBIT D

70 Years
RHOADS
& SINON LLP

Kelly H. Decker
*ph* (717) 237-6735
*fx* (717) 231-6600
kdecker@rhoads-sinon.com

FILE NO: 9415/1

August 24, 2005

**Re: Structural Concepts, Inc. v. United States, Fed. Cl. No. 04-1141C**

**Via E-mail and U.S. Mail**
Thomas B. Fatouros
United States Department of Justice; Civil
Division
Attn: Classification Unit
1100 L St. N.W.
Washington, DC 20530

Dear Mr. Fatouros:

This letter is in response to your letter of August 17, 2005 in which you claim that "None of the Government's 15 interrogatories contains discreet subparts within the meaning of RCFC." Your assertion is contrary to applicable law.

Rule 33(a) provides:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, **not exceeding 25 in number, including all discrete subparts**, to be answered by the party served, . . .

Although the phrase "discrete subpart" is not defined by the RCFC 33(a), the Rules Committee Note states that RCFC 33 is identical to FRCP 33. Courts interpreting FRCP 33 have recognized that extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33, by rendering it meaningless unless each subpart counts as a separate interrogatory. *See Nyfield v. Virgin Island Tel. Corp.*, 200 F.R.D. 246, 247 (D. VI. 2001) *citing Williams v. Board of County Commissioners of the Unified Government of Wyandotte, County, et al*,, 192 F.R.D. 698, 701 (D. Kansas 2000). Parties cannot evade this presumptive limitation through a device of joining as 'subparts' questions that seek information about discrete separate subjects. *See id. citing Advisory Committee Note*, 146 F.R.D. 401, 675-676 (Fed. 1993).

The best test of whether questions with a single interrogatory are subsumed or related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? *See Kendall v. GES Exposition Servs., Inc. et al.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

576053 1

Combining a single interrogatory of a demand for information and a demand for the documents that pertain to the event are clearly two distinct demands because knowing an event occurred is entirely different from learning about the documents that evidence it occurred. Thus, a demand for information about a certain event and for the documents about it should be counted as two separate interrogatories. *See Banks v. Office of the Senate Sergeant – At –Arms*, 222 F.R.D. 7, 9 (D. D.C. 2004).

Significantly, **all** of the Government's 15 numbered Interrogatories contains a subpart requesting the identity and production of any and all documents relating to SCI's response of the particular interrogatory. Based upon the analysis in *Banks*, the Government has, at a minimum, propounded 30 interrogatories on SCI in clear violation of RCFC 33.

Further, it is plain that the majority of the separate subparts contained within the United States' 15 interrogatories request information about discrete and separate subjects that can stand on their own as separate interrogatories. Accordingly, the Government has propounded interrogatories that far exceed the 25 interrogatory limit in violation of RCFC 33(a).

By way of example only, Interrogatory Number 1 contains at least 8 interrogatories within it. Interrogatory Number 1 basically summarizes part of SCI's Complaint and states that SCI contends that it is entitled to additional compensation and/or a remission of liquidated damages based upon an allegation that the United States delayed, disrupted and/or interfered with SCI's performance. After broadly summarizing part of SCI's claim in the introductory paragraph of Interrogatory Number 1, the Government then lists about 8 separate questions, which the Government apparently believes falls within the umbrella of its broad introductory paragraph. This is exactly what the limitation set forth in RCFC 33 was designed to prevent and renders the limitation meaningless.

Subpart (a) asks that SCI explain in detail the facts which SCI contends establishes or otherwise supports each such contention in the introductory paragraph. For purposes of this analysis, SCI concedes that subpart (a) is arguably subsumed or secondary to the introductory paragraph, and is not a discrete subpart. However, each of the remaining subparts (b) – (h) of Interrogatory 1, with one exception, can stand alone because they request information on specific distinct subjects or events.

Subpart (b) asks whether the impacted activities were on the critical path during the time of performance and asks for specific dates that the impacted activities were on the critical path. This interrogatory clearly stands alone because it asks about specific activities and time periods which are aimed at determining SCI's claim for an extension of time and/or remission of liquidated damages.

Subpart (c) asks for the identity of the specific date when the alleged delay to the contract performance commenced, ended, and the exact number of calendar days that performance was delayed. This subpart stands alone because it asks for specific dates and periods of delay that

SCI is claiming to justify its claim a time extension and/or remission of damages on the basis that the delay was caused by the Government or others. Subpart (d) is arguably related to subpart (c) in that it asks how SCI determined the dates requested in subpart (c).

Subpart (e) asks whether SCI acknowledges that at the time of the delay, there were other activities on the critical path that were also delayed. It is not exactly clear what the Government is asking in this subpart. However, the Government appears to seek information concerning concurrent delays, and it is separate and distinct.

Subpart (e)(2) asks SCI to explain in detail SCI's contention as to the cause for the delay and whether SCI or any of SCI's subcontractors were in any way responsible for or otherwise contributed to the delay. If so, explain the extent to which the subcontractors were responsible. This subpart is distinct in that it is aimed at the identity of the subcontractors, if any, that SCI believes are responsible for the delays claimed.

Subpart (f) is discrete in that it asks SCI to identify and produce the base "as planned" schedule and any updates relied upon to answer the other parts and subparts of interrogatory number 1. This request is separate and stands alone as a result for documents that SCI relies upon in support of its claim.

Likewise, subpart (g) asks SCI to identify and produce any documents, not previously identified, that substantiates responses to Interrogatory number 1 and all of its subparts. A demand for information about a certain event and for the documents about it should be counted as two separate interrogatories. *See Banks v. Office of the Senate Sergeant – At –Arms*, 222 F.R,D. 7, 9 (D. D.C. 2004).

Finally, subpart (h) asks SCI to identify employees of SCI, its subcontractors, suppliers or consultants who are most knowledgeable about SCI's responses to Interrogatory Number 1 and all of its subparts. A request for the identity of individuals with knowledge of certain events is certainly distinct from the request for information pertaining to the event itself.

One need only look at the subject areas of each subpart of Interrogatory Number 1 to determine that each subpart requests different information on varying subject areas, the identity of various individuals, and specific documents which can stand on their own as separate interrogatories. This analysis can be performed for almost all of the 15 numbered Interrogatories propounded on SCI.

Based upon the above, SCI reiterates its objection to the excessive number of interrogatories propounded by the Government. If the Government does not revise and reserve the Interrogatories in accordance with the Rules of Court by September 1, 2005, SCI will file a motion for protective order with the Court.

Thank you for your prompt attention to this matter.

Very truly yours,

RHOADS & SINON LLP

By: Kelly H. Decker
Kelly H. Decker

cc: George Moutis
Charles Heckman, P.E.
David W. Francis, Esq.