# EXHIBIT E

**U.S. Department of Justice**

Civil Division

*Washington, D.C. 20530*

# FACSIMILE TRANSMITTAL

**DATE:** September 1, 2005

**RECIPIENT:** David Francis
(717) 231-6600

**SENDER:** Thomas B. Fatouros, Trial Attorney
United States Department of Justice
Civil Division
1100 L Street, N.W.
Room 11010
Washington, D.C. 20005

Tel: (202) 307-5958
Fax: (202) 305-2118
email: Thomas.Fatouros@usdoj.gov

**NO. OF PAGES:** 3
(Including Cover)

U.S. Department of Justice

Civil Division

DMC:FEW:TFatouros
DJ No. 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

(202) 307-5958

*Washington, D.C. 20530*

September 1, 2005

David Francis
Rhoads & Simon
12th Floor
One South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146

Re: Structural Concepts, Inc. v. United States, Fed. Cl. No. 04-1141C

Dear Mr. Francis:

This letter is in response to your letter of August 24, 2005. In your letter, you state that SCI believes that the Government has exceeded the allowable number of interrogatories provided by the Rules of the United States Court of Federal Claims ("RCFC"). Your belief is based, in part, upon the Government's request to identify documents that are relevant to your interrogatory responses and upon an examination of our first interrogatory request.

As stated in our August 17, 2005 letter, the purpose of the limit upon interrogatories is not to prevent discovery but to prevent potentially excessive use of this particular discovery device. Our interrogatory requests specifically target the basis for SCI's claim. A fair reading of the requests demonstrates that the Government is requesting a delineation of what SCI believes to be the basis of claims. None of the Government's requests can be characterized as unduly burdensome or outside the scope of this litigation.

In our first interrogatory request, the Government has asked for a specific recitation of what SCI believes its delay claim is based upon. The subparts of this interrogatory merely set forth the elements of a complete response to this inquiry. Each subpart is directly linked to your delay claim. Specifically, the actions of the Government can only constitute a delay if those actions affected the building plan and critical path established by SCI. The Government can conceive of no way that you can describe your delay claim in detail without setting forth what was delayed and when this delay occurred. As these subparts are distinctly related to the questions set forth, they are not discrete subparts within the meaning of the rules.

Your observation that each interrogatory also requests the identity of responsive documents can be resolved by simply producing the documents you identify as relevant. In response to the subparts requesting that SCI identify the documents supporting each response, the Government will require nothing more of SCI than a production of the documents that are related to the interrogatory. Should you produce the documents, there is no need to separately identify

the document in the text of your response.

Finally, the discovery at issue in this matter will help the parties further the resolution of this matter. Each response will set forth specifically what SCI is claiming and provide the Government the necessary information to defend this case. Additionally, this information may provide the basis to resolve this matter without further litigation. As such, I do not understand SCI's unwillingness to provide basic information concerning its claim.

If you believe these interrogatories are requesting information that would present a significant burden beyond the normal scope of the discovery process, please set forth these concerns. As these discovery requests are tailored to specific elements set forth in your claim, the Government will not revise its requests.

Very truly yours,

Thomas B. Fatouros
Trial Attorney
Commercial Litigation Branch