**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC.,<br>Plaintiff,<br>v. | NO. 04-1141 C |
| THE UNITED STATES,<br>Defendant. | JUDGE LYNN J. BUSH |

**BRIEF IN SUPPORT OF PLAINTIFF STRUCTURAL CONCEPTS INC.'S**
**MOTION FOR PROTECTIVE ORDER**

## I. STATEMENT OF FACTS/PROCEDURAL HISTORY

On July 12, 2004, Plaintiff SCI commenced the present action by filing a Complaint against the United States (the "United States" or the "Government"). This lawsuit involves Contract Number F28609-99-0005 between SCI and the Government for renovations and alterations to Building 2704 Visiting Officers Quarters at McGuire Air Force Base, New Jersey (the "Project"). The Complaint alleges, among other things, that SCI is entitled to an extension of time due to delays caused by the Government, for extra costs and damages incurred as a result of the delays caused by the Government, and for a remission of liquidated damages imposed by the Government as a result of the delays to the Project.

On or about August 10, 2005, the Government served Defendant's First Set of Interrogatories and Defendant's First Set of Requests for Production of Documents on SCI. A copy of the Government's discovery requests to SCI are attached to SCI's accompanying Motion as Exhibit A. Although the Government numbered the Interrogatories to SCI 1through 15, each of the fifteen interrogatories contains subparts which, when counted individually, far exceed that which is permissible under RCFC 33(a) governing interrogatories.

On August 15, 2005, SCI sent a letter to the Government objecting to the interrogatories on the basis that they exceed the limitation of 25 interrogatories set forth in RCFC 33(a) and requested that the Government revise and re-serve the Interrogatories in accordance with the Rules of Court by August 19, 2005. A copy of SCI's August 15, 2005 correspondence to the Government is attached to SCI's accompanying Motion as Exhibit B. By letter dated August 17, 2005, the Government refused to provide amended interrogatories on the basis that "none of the Government's 15 interrogatories contains discreet subparts within the meaning of RCFC." A copy of the Government's August 17, 2005 correspondence to SCI is attached to SCI's accompanying Motion as Exhibit C.

On August 24, 2005, SCI sent correspondence to the Government analyzing the reasons that the Government's interrogatories are in violation of RCFC 33(a) because they contain voluminous subparts which far exceed the 25 interrogatory limit contained in the applicable Rules. SCI provided examples of how the interrogatories exceed the permissible limitations. SCI again requested that the Government provide revised interrogatories by September 1, 2005, otherwise, SCI would file a motion for protective order. A copy of SCI's August 24, 2005 correspondence to the Government is attached to SCI's accompanying Motion as Exhibit D. On September 1, 2005, the Government responded to SCI's letter that the subparts contained in each of its 15 interrogatories were related subparts and therefore within the permissible limits of the Rules. The Government again refused to revise its requests. A copy of the Government's September 1, 2005 correspondence to SCI is attached to SCI's accompanying Motion as Exhibit E.

By SCI's very generous count, the Government has served at least sixty-one (61) separate interrogatories on SCI. The excessive number of interrogatories served on SCI by the

Government are designed to annoy, oppress and unduly burden SCI causing it to incur unnecessary expenses in answering them justifying a protective order pursuant to RCFC 26(a).

As evidenced by the attached Certification of David W. Francis, counsel for SCI, SCI has conferred with counsel for the Government in good faith in an effort to resolve the within dispute regarding the excessive number of interrogatories propounded on SCI by the Government, but was unsuccessful. Thus, SCI seeks this court's intervention by way of this Motion for Protective Order.

## II. ARGUMENT

Rule 26(c) of the Court of Federal Claims governs protective orders and provides, in pertinent part:

> Upon motion by a party. . .accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; . . .(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery to be limited to certain matters.

A trial court enjoys wide latitude in overseeing the conduct of discovery. *Flamingo Fishing Corp. v. The United States*, 22 Cl. Ct. 625, 629 (Cl. Ct. 1991). "Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court." *Id.* citing *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984). When ruling on a motion for protective order, "the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id.*; RCFC 26(c). However, "a court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." *Flamingo,*

*supra*, 744 F.2d at 629. To accommodate these potentially conflicting goals, the trial court must balance "the relevance of the discovery sought, the requesting party's needs, and the potential hardship to the party subject to the . . .[discovery request]." *Heat and Control, Inc. v. Hetser Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986). Here, the Government has requested more than two times the number of interrogatories permitted by the Rules of the Court of Federal Claims, a protective order is warranted.

Rule 33(a) of the Rules of the Court of Federal Claims provides, in pertinent part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, **not exceeding 25 in number, including all discrete subparts,** to be answered by the party served, . . .

The phrase "discrete subpart" is not defined by the RCFC 33(a). However, the Rules Committee Note states that RCFC 33 is identical to Federal Rule of Civil Procedure 33. Courts interpreting FRCP 33 have recognized that extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33, by rendering it meaningless unless each subpart counts as a separate interrogatory. *See Nyfield v. Virgin Island Tel. Corp.*, 200 F.R.D. 246, 247 (D. VI. 2001) *citing Williams v. Board of County Commissioners of the Unified Government of Wyandotte, County, et al*,, 192 F.R.D. 698, 701 (D. Kansas 2000). Parties cannot evade this presumptive limitation through a device of joining as 'subparts' questions that seek information about discrete separate subjects. *See id. citing Advisory Committee Note*, 146 F.R.D. 401, 675-676 (Fed. 1993).

The best test of whether questions with a single interrogatory are subsumed or related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first

question? *See Kendall v. GES Exposition Servs., Inc. et al.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

Combining a single interrogatory of a demand for information and a demand for the documents that pertain to the event are clearly two distinct demands because knowing an event occurred is entirely different from learning about the documents that evidence it occurred. Thus, a demand for information about a certain event and for the documents about it should be counted as two separate interrogatories. *See Banks v. Office of the Senate Sergeant – At –Arms*, 222 F.R.D. 7, 9 (D. D.C. 2004).

Significantly, **all** of the Government's 15 numbered Interrogatories contains a subpart requesting the identity and production of any and all documents relating to SCI's response of the particular interrogatory. Based upon the analysis in *Banks*, the Government has, at a minimum, propounded 30 interrogatories on SCI in clear violation of RCFC 33.

Further, it is plain that the majority of the separate subparts contained within the United States' 15 interrogatories request information about discrete and separate subjects that can stand on their own as separate interrogatories. Accordingly, the Government has propounded interrogatories that far exceed the 25 interrogatory limit in violation of RCFC 33(a). In fact, by SCI's very generous count, the Government has served sixty-one (61) interrogatories on SCI.

By way of example only, Interrogatory Number 1 contains at least 8 interrogatories within it. Interrogatory Number 1 basically summarizes part of SCI's Complaint and states that SCI contends that it is entitled to additional compensation and/or a remission of liquidated damages based upon an allegation that the United States delayed, disrupted and/or interfered with SCI's performance. After broadly summarizing part of SCI's claim in the introductory paragraph of Interrogatory Number 1, the Government then lists about 8 separate questions,

which the Government apparently believes falls within the umbrella of its broad introductory paragraph. This is exactly what the limitation set forth in RCFC 33 was designed to prevent and renders the limitation meaningless.

Subpart (a) asks that SCI explain in detail the facts which SCI contends establishes or otherwise supports each such contention in the introductory paragraph. For purposes of this analysis, SCI concedes that subpart (a) is arguably subsumed or secondary to the introductory paragraph, and is not a discrete subpart. However, each of the remaining subparts (b) – (h) of Interrogatory 1, with one exception, can stand alone because they request information on specific distinct subjects or events.

Subpart (b) asks whether the impacted activities were on the critical path during the time of performance and asks for specific dates that the impacted activities were on the critical path. This interrogatory clearly stands alone because it asks about specific activities and time periods which are aimed at determining SCI's claim for an extension of time and/or remission of liquidated damages.

Subpart (c) asks for the identity of the specific date when the alleged delay to the contract performance commenced, ended, and the exact number of calendar days that performance was delayed. This subpart stands alone because it asks for specific dates and periods of delay that SCI is claiming to justify its claim a time extension and/or remission of damages on the basis that the delay was caused by the Government or others. Subpart (d) is arguably related to subpart (c) in that it asks how SCI determined the dates requested in subpart (c).

Subpart (e) asks whether SCI acknowledges that at the time of the delay, there were other activities on the critical path that were also delayed. It is not exactly clear what the Government

is asking in this subpart. However, the Government appears to seek information concerning concurrent delays, and it is separate and distinct.

Subpart (e)(2) asks SCI to explain in detail SCI's contention as to the cause for the delay and whether SCI or any of SCI's subcontractors were in any way responsible for or otherwise contributed to the delay. If so, explain the extent to which the subcontractors were responsible. This subpart is distinct in that it is aimed at the identity of the subcontractors, if any, that SCI believes are responsible for the delays claimed.

Subpart (f) is discrete in that it asks SCI to identify and produce the base "as planned" schedule and any updates relied upon to answer the other parts and subparts of interrogatory number 1. This request is separate and stands alone as a result for documents that SCI relies upon in support of its claim.

Likewise, subpart (g) asks SCI to identify and produce any documents, not previously identified, that substantiates responses to Interrogatory number 1 and all of its subparts. A demand for information about a certain event and for the documents about it should be counted as two separate interrogatories. *See Banks v. Office of the Senate Sergeant – At –Arms*, 222 F.R,D. 7, 9 (D. D.C. 2004).

Finally, subpart (h) asks SCI to identify employees of SCI, its subcontractors, suppliers or consultants who are most knowledgeable about SCI's responses to Interrogatory Number 1 and all of its subparts. A request for the identity of individuals with knowledge of certain events is certainly distinct from the request for information pertaining to the event itself.

One need only look at the subject areas of each subpart of Interrogatory Number 1 to determine that each subpart requests different information on varying subject areas, the identity of various individuals, and specific documents which can stand on their own as separate

interrogatories. This analysis can be performed for almost all of the 15 numbered Interrogatories propounded on SCI. Accordingly, SCI seeks a protective order from the Government's overly burdensome interrogatories.

## III. CONCLUSION

For the foregoing reasons, Structural Concepts Inc. respectfully requests that the within Motion for Protective Order be granted and that the United States is required to serve amended interrogatories on Structural Concepts Inc. in accordance with Rule 33(a) of the Court of Federal Claims. Structural Concepts Inc. further requests that it be awarded expenses, including attorneys fees pursuant to RCFC 37(a)(4).

Rhoads & Sinon LLP

By: /s David W. Francis
David W. Francis
Kelly H. Decker
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff,
Structural Concepts, Inc.

Date: September 9, 2005