IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STRUCTURAL CONCEPTS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1141C |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER

Defendant, the United States, respectfully requests that the Court modify the December 27, 2004 scheduling order, to enlarge the period provided for conducting fact discovery by 120 days from September 15, 2005 to January 13, 2006, as well as the other deadlines provided in the scheduling order. This is defendant's first request for an enlargement of time for this purpose. Plaintiff's counsel has informed us that plaintiff is opposed to enlarging the discovery period by more than 30 days.

This enlargement is requested for three reasons. First, this case was transferred to the undersigned trial attorney on September 1, 2005, from Thomas Fatouros, whose last day at the National Courts Section was September 2, 2005. We request additional time for new counsel to become familiar with the case.

Second, there are several discovery disputes that have prevented the completion of discovery. Two of these disputes are the subject of motions filed by plaintiff on September 9, 2005: (1) a motion to compel the production of a more detailed privilege log, and (2) a motion for a protective order that contends defendant's interrogatories contain subparts that exceed the limit of 25 interrogatories set forth in Rule 33 of the Rules of the United States Court of Federal

Claims. We will continue our efforts to resolve these disputes, but in the event our efforts are unsuccessful, we request additional time so that the Court may adjudicate the disputes if necessary.

Third, no depositions have been taken by either party, and additional time is requested so that depositions may take place after the completion of written discovery. If this motion is granted, we anticipate discovery proceeding in this order: resolution or adjudication of written discovery disputes, to be followed by plaintiff's responses to defendant's interrogatories (plaintiff has not responded to any of them, but instead has objected to the entire set), to be followed by depositions. Accordingly, we respectfully request that the deadlines contained in the scheduling order be enlarged as follows:

| | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery: | September 15, 2005 | January 13, 2006 |
| Disclosure Of Expert Reports: | November 15, 2005 | March 15, 2006 |
| Joint Status Report: | December 30, 2005 | April 29, 2006 |

We anticipate that plaintiff will oppose this motion by claiming that the Government has been slow in completing discovery. This argument has no force in light of the fact that plaintiff has objected to defendant's entire first set of interrogatories. (Plaintiff's responses are attached hereto as Appendix A.) Plaintiff's motion for a protective order requests that the Government be ordered to revise and re-serve its interrogatories. Even if plaintiff's motion for a protective order is granted, discovery cannot be completed within 30 days of the current deadlines. Moreover, plaintiff's decision to file discovery motions shortly after the appearance of new counsel, rather

than engage in meaningful attempts to resolve discovery disputes, is inconsistent with plaintiff's supposed desire to expedite the completion of discovery.

For the reasons stated above, defendant respectfully requests that the Court grant this request to modify the scheduling order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
Washington, D.C. 20530
Tele: (202) 305-3091
Fax: (202) 307-0972
Attorneys for Defendant

September 15, 2005

CERTIFICATE OF FILING

I hereby certify that on September 15, 2005, a copy of the foregoing "Defendant's Motion To Modify Scheduling Order" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp