IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STRUCTURAL CONCEPTS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1141C |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendant, the United States, respectfully submits this response to plaintiff Structural Concepts, Inc.'s ("SCI") motion to compel. For the following reasons, the motion should be denied.

First, the motion should be denied because it is moot. Defendant has agreed to prepare a revised privilege log that addresses all of SCI's objections to the original privilege log. A letter to SCI's counsel concerning the forthcoming revised privilege log is attached hereto as Exhibit A.

Second, the motion should be denied because SCI failed to confer in good faith before filing a motion to compel, as required by Rule 37 (a)(2)(A) of the Rules of the United States Court of Federal Claims ("RCFC"). This case was assigned to the undersigned new counsel for the Government on September 1, 2005. Hipp Decl. ¶ 2, attached hereto as Ex. B. The Government's previous counsel, Thomas Fatouros, left the Commercial Litigation Branch on September 2, 2005. Id. Although SCI's counsel made some efforts to discuss discovery disputes with Mr. Fatouros in the weeks prior to his departure, SCI's counsel did not confer in good faith with the Government's new counsel. Instead, SCI's counsel, in his first telephone conversation

with the undersigned, announced his intention to file a motion for protective order and motion to compel that very day. Hipp Decl. ¶ 4. (In fact, the motions were filed the following day. Hipp Decl. ¶ 5.) Had SCI conferred in good faith and given the Government's new counsel a reasonable amount of time in which to submit a revised privilege log, this dispute could have been resolved without the Court's involvement.

The Court should also deny SCI's request for expenses and attorney's fees pursuant to RCFC 37(a)(4). Pursuant to RCFC 37(a)(4), expenses may not be awarded in a discovery dispute if the movant failed to make a good faith effort to resolve the dispute without court action, or if the opposing party's position was substantially justified, or if other circumstances would make an award of expenses unjust. As we have demonstrated above, the motion for a protective order was filed during a transition to new counsel for defendant, without a meaningful effort to resolve the dispute with new counsel. Because SCI did not make a good faith effort to resolve this dispute prior to filing its motion, and because it would be unjust under these circumstances to award expenses and attorney's fees, SCI's request should be denied.

For the foregoing reasons, the Court should deny SCI's motion to compel.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-3091
Fax: (202) 307-0972

September 26, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 26, 2005, a copy of the foregoing "Defendant's Response To Plaintiff's Motion To Compel" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp