IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STRUCTURAL CONCEPTS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1141C |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Defendant, the United States, respectfully submits this response to plaintiff, Structural Concepts, Inc.'s ("SCI") motion for a protective order. For the following reasons, the motion should be denied.

ARGUMENT

I. The Motion Should Be Denied Because SCI Failed To Confer In Good Faith

The motion for a protective order should be denied because SCI has not complied with Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"), which requires parties to confer in good faith before filing a motion to compel. This case was assigned to the undersigned new counsel for the Government on September 1, 2005. Hipp Decl. ¶ 2, attached hereto as Ex. A. The Government's previous counsel, Thomas Fatouros, left the Commercial Litigation Branch on September 2, 2005. Id. Although SCI's counsel made some efforts to discuss discovery disputes with Mr. Fatouros in the weeks prior to his departure, SCI's counsel did not confer in good faith with the Government's new counsel. Instead, SCI's counsel, in his first telephone conversation with the undersigned, announced his intention to file a motion for

protective order and motion to compel that very day. Hipp Decl. ¶ 4. (In fact, the motions were filed the following day. Hipp Decl. ¶ 5.)

Moreover, SCI objected to the interrogatories in their entirety, rather than respond to at least some of the interrogatories. SCI's objections to defendant's first set of interrogatories are attached hereto as Exhibit B. Because RCFC 33(b) directs parties to answer interrogatories to the extent they are not objectionable, it is not proper for a party to object to an entire set of interrogatories on the ground that some of the interrogatories exceed the limit. See Claudia Wilken, Moore's Federal Practice § 33.30[1] (Mar. 1997) (stating that plaintiffs objecting to the number of interrogatories should be required to answer the first 25 interrogatories). SCI's decision to object to the interrogatories in their entirety is further evidence of a lack of good faith.

This discovery dispute might well have been resolved without the Court's involvement, had SCI's counsel conferred in good faith instead of filing a motion to compel shortly after the appearance of new counsel. In our pending motion to modify the scheduling order, filed September 14, 2005, we request that the discovery period be enlarged in order to give the parties additional time to resolve their discovery disputes privately. We respectfully request that the Court grant our motion to modify the scheduling order and deny the motion for a protective order, so that the parties may attempt to resolve this discovery dispute without the Court's involvement.

## II. The Motion Should Be Denied Because Defendant Has Not Exceeded The 25-Interrogatory Limit

The motion for a protective order should be denied because defendant's interrogatories, including subparts, do not exceed the limit of 25 interrogatories set forth in RCFC 33. This is

true under either the "common theme" or "primary question" method of counting subparts in interrogatories.

RCFC 33 is identical to Rule 33 of the Federal Rules of Civil Procedure ("FRCP"). FRCP 33 was amended in 1993 to include the limit of 25 interrogatories. The advisory committee notes to the 1993 amendment to FRCP 33 offer the following guidance:

> Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

(Emphasis supplied.)

District courts interpreting FRCP 33 have developed two methods for counting the subparts in interrogatories: the "common theme" method and the "primary question" method. The "common theme" method, as the name implies, considers an interrogatory with subparts directed at eliciting details concerning a common theme to be a single interrogatory. E.g., Williams v. Board of Cty. Comm'rs of the Unified Gov't of Wyandotte Cty., 192 F.R.D. 698, 701 (D. Kan. 2000) (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed.1994)). The "primary question" method looks at whether the subparts of an interrogatory are logically or factually subsumed within a primary question, or, put another way, whether the first question is primary and the subparts secondary such that they cannot stand alone. E.g., Nyfield v. Virgin Islands Tel. Corp., 200 F.R.D. 246, 248 (D. V.I. 2001); Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 684 (D. Nev. 1997).

Each of defendant's interrogatories addresses a specific common theme. Interrogatory No. 1 asks if SCI contends that the Government interfered with its performance. Interrogatory No. 2 asks SCI to identify the costs associated with delays. Interrogatory Nos. 3-5 ask if SCI contends that the Air Force delayed performance during specific time frames. Interrogatory No. 6 asks SCI to identify its subcontractors and work performed by subcontractors. Interrogatory No. 7 asks SCI to describe any claim it is asserting based upon additional payments to subcontractors as a result of alleged delays. Interrogatory No. 8 asks if SCI contends that it performed work beyond the scope of the contract. Interrogatory No. 9 asks SCI to identify any delays caused by work allegedly performed outside the contract. Interrogatory No. 10 asks SCI to identify its original schedule for performing the contract. Interrogatory No. 11 asks if SCI contends that the plans and specifications were defective. Interrogatory No. 12 asks SCI to identify any delays or costs that were not identified in response to other interrogatories. Interrogatory No. 13 asks SCI to identify any schedule analyses. Interrogatory No. 14 asks SCI to identify any claims it has filed against third parties in connection with this contract. Interrogatory No. 15 asks SCI to substantiate the contentions in paragraph 9 of the complaint, which consists of non-specific allegations that "impacts, delays, and disruptions" affected SCI's performance. Therefore, defendant's interrogatories do not exceed the 25-interrogatory limit if the "common theme" method of counting subparts is used.

Defendant's interrogatories also contain fewer than 25 primary questions. The "primary question method" treats a primary question with secondary requests for details as a single interrogatory. For example, a district court held that the following interrogatory with subparts was a single interrogatory: "Was 'KENDALL' given any warning/reprimand during her

employment with Defendants? If so, identify each warning/reprimand by date of incident, brief description of the incident and person who administered the warning/reprimand by name, gender, position and address." Kendall, 174 F.R.D. at 686.

If the primary question method is used, it is plain that most of defendant's interrogatories should be counted as single interrogatories. Interrogatory Nos. 2, 6-8, and 11-15 consist of a clearly identified primary question with subparts requesting details. Arguably, the remaining interrogatories (Nos. 1, 3-5, 9 and 10) contain two or three primary questions. However, even if those interrogatories are deemed to contain multiple primary questions, the total number of primary questions is 25 or fewer. Therefore, defendant's interrogatories do not exceed the limit if the "primary question" method is used.

SCI notes that each of the interrogatories contains a subpart requesting the identification of documents, and argues that therefore each interrogatory must be counted at least twice against the limit. Pl. Br. at 5. However, defendant's counsel advised SCI's counsel in a letter dated September 1, 2005, that "[i]n response to the subparts requesting that SCI identify the documents supporting each response, the Government will require nothing more of SCI than a production of the documents that are related to the interrogatory. Should you produce the documents, there is no need to separately identify the document in the text of your response." Pl. Mot. Ex. E. Because SCI was advised that textual responses to the subparts concerning documents were not necessary, those subparts should not be counted against the 25-interrogatory limit.

III. In The Alternative, The Court Should Permit The Use Of Additional Interrogatories

In the alternative, in the event that the Court finds that defendant's interrogatories exceeded the limit, then we ask that the Court exercise its discretion pursuant to RCFC 33(a) to permit the additional interrogatories. Full responses to defendant's first set of interrogatories are appropriate in this case, regardless of how the subparts are counted.

It would not be fair to permit SCI to take full advantage of the system of notice pleading, then claim it is too burdensome to clarify and substantiate its pleadings during discovery. For example, paragraph 9 of the complaint includes several general allegations:

> Prior to and after the award of the contract, SCI was materially impacted, delayed and disrupted by numerous events beyond its control. These impacts, delays and disruptions included, but are not limited to, the following:
>
> a. The Air Force's failure to provide SCI with a timely acceptance of its bid for the project;
> b. The Air Force's untimely start for the project work;
> c. The discovery of termite infestation within VOQ 2704, where such termite infestation was neither disclosed nor anticipated;
> d. Errors and/or omissions in the design of the project work included in the plans, drawings and specifications;
> e. Delays and suspensions of work attributable to the Air Force;
> f. Improper processing of applications for payment submitted by SCI;
> g. Improper attempts to impose unrealistic completion dates which did not take into account the previous and concurrent impacts, delays and disruptions to the work;
> h. Failure to accept the work after it was substantially completed.

This paragraph of the complaint contains almost no information about SCI's contentions or the alleged facts that support them. Accordingly, Interrogatory No. 15 requests that SCI describe in detail and substantiate each contention. SCI responded to this interrogatory by objecting that it is "overly broad, unduly burdensome, and beyond the scope of permissible discovery," and

"contains at least 8 separate contentions." Ex. B. If SCI is correct that this interrogatory must be treated counted as eight interrogatories (one for each subpart of ¶ 9 of the complaint), then defendant should be permitted to use additional interrogatories in order to investigate fully the allegations of the complaint.

Significantly, SCI has not argued that defendant's interrogatories seek irrelevant information. The interrogatories focus directly upon SCI's contentions and supporting facts, if any. It cannot be an undue burden for a SCI to explain and substantiate its complaint during discovery. SCI has made no attempt to estimate the supposed burden, nor has SCI explained why it would be less burdensome to provide basic information about its case through other means, such as depositions. Accordingly, in the event that the Court finds that defendant has exceeded the 25-interrogatory limit, the Court should nonetheless direct SCI to respond to the extra interrogatories.

IV. The Court Should Deny SCI's Request For Expenses And Attorney's Fees

The Court should deny SCI's request for expenses and attorney's fees pursuant to RCFC 37(a)(4), regardless of how it rules upon the motion for a protective order. Pursuant to RCFC 37(a)(4), expenses may not be awarded in a discovery dispute if the movant failed to make a good faith effort to resolve the dispute without court action, or if the opposing party's position was substantially justified, or if other circumstances would make an award of expenses unjust. As we demonstrated above, the motion for a protective order was filed during a transition to new counsel for defendant, without a meaningful effort to resolve the dispute with new counsel. Moreover, defendant's position concerning the number of interrogatories is substantially justified, for the

reasons set forth above. Accordingly, SCI's request for expenses and attorney's fees should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny SCI's motion for a protective order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
Washington, D.C. 20530
Tele: (202) 305-3091
Fax: (202) 307-0972

September 26, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 26, 2005, a copy of the foregoing "Defendant's Response To Plaintiff's Motion For A Protective Order" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Roger A. Hipp