# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC., Plaintiff, | NO. 04-1141 C |
| v. | |
| THE UNITED STATES, Defendant. | JUDGE LYNN J. BUSH |

## STRUCTURAL CONCEPTS, INC.'S OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Structural Concepts, Inc. ("SCI") asserts and incorporates by reference the following general objections to Defendant's Interrogatories and Requests for Documents as if they were set forth in full in each response to each request.

### GENERAL OBJECTIONS

1. Plaintiff objects to defendant's first set of interrogatories and request for documents upon the grounds, and to the extent, that defendant seeks the discovery of information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

2. Plaintiff objects to defendant's first set of interrogatories and request for documents upon the grounds, and to the extent, that defendant seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, deliberative process privilege, or any other evidentiary privilege.

3. Plaintiff objects to defendant's first set of interrogatories and request for documents upon the grounds that the manner in which the requests are worded are so vague, broad, general, and all inclusive that they do not permit a proper or reasonable response and are, therefore, unduly burdensome and oppressive.

4. Plaintiff objects to defendant's first set of interrogatories and request for documents to the extent that defendant seeks discovery of information that is exempt from disclosure by the Privacy Act of 1974, 5 U.S.C. §552(a). Any information that is personal in nature that is provided in these responses does not constitute waiver of this objection.

5. Plaintiff objects to defendant's first set of interrogatories and request for documents to the extent that the requests seek to require plaintiff to provide information not within its possession, custody or control. Accordingly, the responses provided herein by the United States are solely based upon the information that is in its possession, custody or control.

6. Without waiving these above objections, plaintiff will provide all non-privileged documentation currently available to it that is reasonably calculated to lead to the discovery of admissible evidence at a mutually agreeable time at Structural Concepts Inc.'s office in Ocean, New Jersey, subject only to the specific objections set forth herein and/or in the below responses and the requirements for supplementation of responses contained in RCFC 26(e).

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

**In regard to the contention contained in your complaint that you are entitled to additional compensation and/or a remission of liquidated damages based upon an allegation that the United States delayed, disrupted, and/or interfered with your performance:**

**(a) Explain in detail the facts which you contend establish or otherwise support each such contention;**

**(b) State whether you contend that the impacted activity or activities were on the critical path during any portion of the time that they were being performed and, if your response is anything other than an unqualified "no," state the specific dates that the impacted activity or activities were on the critical path;**

**(c) Set forth the exact date when the alleged delay to contract performance commenced, the exact date when the delay to contract performance ended, and the exact number of calendar days that contract performance was delayed;**

**(d) Explain in detail how you determined the specific number of calendar days by which contract completion was allegedly delayed;**

(e) **State whether you acknowledge, that at the time of the alleged delay to contract performance, there were other activities on a critical path that also were being delayed at the same time and, if so:**

1. **Describe in detail the nature of the delay;**

2. **Explain in detail your contentions as to the cause for the delay, whether you or any of its subcontractors were in any way responsible for or otherwise contributed to the delay in contract completion and, if so, the extent to which you or your subcontractors were responsible;**

(f) **Identify and produce the base "as-planned" schedule and the particular schedule update or updates that you relied upon, if any, in developing your responses to the foregoing subparagraphs of this interrogatory;**

(g) **Identify and produce any other documents not previously identified that you contend substantiates your responses to any of the foregoing subparagraphs of this interrogatory; and**

(h) **Identify which of your personnel, and those of your subcontractors, suppliers, or consultants that it considers to have been, at the time the events were occurring on the project and during the development of your claims, to be the most knowledgeable with respect to the facts set forth in response to the foregoing subparagraphs.**

ANSWER: SCI objects to this interrogatory on the basis that it is overly broad, unduly burdensome, and beyond the permissible scope of discovery. The term "explain in detail the facts" does not identify the level of specificity which the Air Force is requesting. The term "or otherwise support" also fails to identify the level of support which the Air Force is seeking. SCI further objects to this interrogatory on the basis that it calls for attorney-client communications and/or work product. SCI further objects to this interrogatory on the basis that it calls for information which is presently being prepared by an expert and will be included in an expert report.

Finally, SCI objects to the number of interrogatories propounded on SCI by the Government. This objection is the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

<u>INTERROGATORY NO. 2</u>:

**Identify all actual direct or indirect costs allegedly incurred by you as a result of the alleged delays, disruptions and changes, including:**

(a) **a description of the number of extra labor hours and amount of extra materials or supplies;**

**(b) the amount of extra labor costs;**

**(c) the amount of extra costs for materials and supplies;**

**(d) the amount of extra equipment costs;**

**(e) the amount of extra overhead costs;**

**(f) the amount of extra subcontractor costs;**

**(g) a description, and the amount of all other extra costs;**

**(h) total amount of costs incurred by you as a result of the alleged act or omission. Set forth the costs relating to each delay, disruption or change separately, and identify the particular documents upon which you rely to respond to this interrogatory.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

Additionally, SCI objects to the use of the phrase "alleged act or omission" as used in subpart (h) because it is vague and ambiguous.

**<u>INTERROGATORY NO. 3</u>:**

**Do you contend that the Air Force's actions in any manner delayed your completion of the contract from August 10, 1999, to October 25, 2000? If so describe in detail and substantiate the actions of the Air Force that you contend contributed to this delay and explain why these actions caused an increase in costs associated with the completion of the contract. Describe in detail the work you performed upon this contract from August 10, 1999, to October 25, 2000. Please identify and produce any and all documents relating to your response.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

**INTERROGATORY NO. 4:**

**Do you contend that the Air Force's actions in any manner delayed your completion of the contract from October 26, 2001, to January 3, 2002? If so describe in detail and substantiate the actions of the Air Force that you contend contributed to this delay and explain why these actions caused an increase in costs associated with the completion of the contract. Describe in detail the work you performed upon this contract from October 26, 2001, to January 3, 2002. Please identify and produce any and all documents relating to your response.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

**INTERROGATORY NO. 5:**

**Do you contend that the Air Force's actions in any manner delayed your completion of the contract from January 2, 2002, to August 1, 2003? If so describe in detail and substantiate the actions of the Air Force that you contend contributed to this delay and explain why these actions caused an increase in costs associated with the completion of the contract. Describe in detail the work you performed upon this contract from January 2, 2002, to August 1, 2003. Explain why you did not complete any work upon this contract from May 29, 2002, to September 2, 2002 and from November 28, 2002, to January 24, 2003, or, in the alternative, describe in detail the work you performed upon this contract during these time periods. Please identify and produce any and all documents relating to your response.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

**INTERROGATORY NO. 6:**

**Identify each subcontractor which performed any contract-related work during performance of the contract, and with respect to each such subcontractor:**

**(a) Describe in detail the work performed by the subcontractor on your behalf, including the specific time period during which such work was performed; and**

**(b) Identify and produce all documents reflecting, referring, or relating to the subcontractor and the work performed by the subcontractor on your behalf.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

**INTERROGATORY NO. 7:**

**Describe in detail and substantiate any portion of your claim that is related to additional payments made to subcontractors because of alleged Air Force Delays. Explain why you believe each alleged increased payment to a subcontractor was caused by an Air Force delay. Describe in detail when payments for each subcontractor's service was requested, when each payment was sent, and how much was paid to each subcontractor. Specifically, describe in detail all communications between you and subcontractors Pramukh Aluminum & Glass Co., B&G Elevator, JS Mechanical Inc., and R and L Mechanical; including all estimates provided, invoices submitted, and payments sent. Please identify and produce any and all documents relating to your response.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

**INTERROGATORY NO. 8:**

**Do you contend that you performed any work that was beyond the scope of the contract? If so,**

**(a) Identify, in chronological order, each communication that you had with the Government, oral and written, that you contend constitutes a direction or order by the Government to perform the work referenced in the particular count, and identify any documents that constitute, document, or otherwise reference or memorialize any of the communications;**

**(b) Describe in detail the work you contend that you were directed or ordered to perform and explain why you contend that such work was extra, changed, or other work beyond the scope of the contract, identify any documents upon which you rely in responding to this inquiry;**

**(c) Identify who performed the alleged extra, changed, or other work beyond the scope of the contract;**

**(d) Set forth the date on which you contend activity with respect to the alleged extra, changed, or other work beyond the scope of the contract commenced and the date on which work was finally completed, identifying any**

**documents that you contend support or substantiate your contention regarding these dates;**

**(e) Set forth the specific dates within the period set forth in response to the preceding subparagraph on which you contend work was actually performed by you or on your behalf, identifying any documents that you contend support or substantiates your contention regarding these dates;**

**(f) Identify and produce any other documents not previously identified that you contend substantiates your responses to the foregoing subparagraphs; and**

**(g) Identify which of your personnel, and those of your subcontractors, supplies, or consultants, that you consider to have been, at the time the events were occurring on the project and during the development of your claims, to be the most knowledgeable with respect to the facts set forth in response to the foregoing subparagraphs.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

Additionally, SCI objects to the use of the phrase "in the particular count" as used in subpart (a) because it is vague and ambiguous.

**INTERROGATORY NO. 9:**

**If you contend that you performed any work beyond the scope of the contract,**

**(a) State whether you contend that such alleged extra, changed, or other work beyond the scope of the contract delayed completion of the project and, if so, explain in detail the facts which you contend establish or otherwise support this contention;**

**(b) State whether you contend that the alleged extra, changed, or other work beyond the scope of the contract was on the critical path during any portion of the time that it was performed and, if your response is anything other than an unqualified "no," state the specific dates that the alleged extra, changed, or other work beyond the scope of the contract was on the critical path;**

**(c) Set forth the exact date when the alleged delay to contract performance, resulting from the alleged extra, changed, or other work beyond the scope of the contract commenced, the exact date when the delay to contract performance ended, and the exact number of calendar days that contract performance was delayed;**

(d) **Explain in detail how you determined the specific number of calendar days by which contract completion was allegedly delayed;**

(e) **State whether you acknowledge that, at the time of the alleged delay to contract performance, there were any activities on a critical path that also were being delayed at the same time and, if so:**

1. **Describe in detail the nature of the delay;**

2. **Explain in detail your contentions as to the cause for the delay, whether you or any of your subcontractors were in any way responsible for or otherwise contributed to the delay in contract completion and, if so, the extent to which your or your subcontractors were responsible;**

(f) **Identify and produce the base "as-planned" schedule and the particular schedule update or updates that you rely upon, if any, in developing its responses to the foregoing subparagraphs of this interrogatory;**

(g) **Identify and produce any other documents not previously identified that you contend substantiates your responses to any of the foregoing subparagraphs of this interrogatory; and**

(h) **Identify which of your personnel, and those of your subcontractors, supplies, or consultants, that you consider to have been, at the time the events were occurring on the project and during the development of your claims, to be the most knowledgeable with respect to the facts set forth in response to the foregoing subparagraphs.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

**INTERROGATORY NO. 10:**

**With respect to the contract, identify what you contend to be the original as-planned schedule that you produced, and with respect to such schedule:**

(a) **Identify who prepared the schedule;**

(b) **State when the schedule was prepared;**

(c) **Explain what period of time and what portion of the project the schedule was intended to cover;**

**(d) Explain whether the original schedule was ever modified or replaced by one or more subsequent schedules that were intended by you to serve as revised, base as-planned schedules, and if so:**

**1. Identify each such schedule;**

**2. Identify who prepared each such schedule;**

**3. Explain what period of time and what portion of the project the schedule was intended to cover;**

**4. specify when, if at all, each subsequent base as-planned schedule was superseded.**

**(e) Identify and produce any and all documents relating to your response.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

**INTERROGATORY NO. 11:**

**Do you contend that the plans, specifications or other contract documents were deficient, defective, inaccurate, misleading or otherwise caused you to incur additional costs of performing the scope of work or take additional time to accomplish the scope of work? If so, describe, with specificity and particularity, each such deficiency, defect, inaccuracy or problem, when such problem was first encountered or discovered, the manner by which your performance of the scope of work was affected, how this deficiency impacted the time and cost of your performance, when and in what manner the deficiency was first brought to the Air Force's attention and the response you received from the Air Force. Please identify and produce any and all documents relating to your response.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

**INTERROGATORY NO. 12:**

**Do you contend that your productivity, cost or time of performance has been adversely affected by any act, omission, event or condition not set forth in answers to the preceding interrogatories? If so, describe each such act, omission, event or condition causing such effect, describe the effect, and describe, with specificity and particularity, when such act, omission, event or condition first occurred or was encountered by you, the**

**manner by which your performance of the scope of work was affected, how such difficulty or problem impacted the time and cost of your performance, when and in what manner the act, omission, event or condition was first brought to the Air Force's attention and the response you received from the Air Force. Please identify and produce any and all documents relating to your response.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

**<u>INTERROGATORY NO. 13</u>:**

**Have you prepared or caused to be prepared any schedule analysis that purports to demonstrate or calculate the impact on contract time caused by the acts, omissions, conditions or events giving rise to the claims set forth in the complaint? If so, describe each such analysis by providing the titles, authors and dates of each and the data utilized for preparation of each such analysis. Please identify and produce any and all documents relating to your response.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

SCI further objects because this interrogatory calls for information which is presently being prepared by an expert and will be included in an expert report.

**<u>INTERROGATORY NO. 14</u>:**

**Have you ever filed any claims or initiated in lawsuits against any subcontractors, supplies, vendors or manufacturers, or had any claims or lawsuits initiated against you by any subcontractors, supplies, vendors or manufacturers, in connection with the contract at issue in this lawsuit? If so, state the name of the subcontractors, supplies, vendors or manufacturers, the nature of the lawsuits or claims, the status of the lawsuits or claims, and the names, addresses, and phone numbers of the attorneys representing each subcontractor, supplier, vendor and/or manufacturer, and the name, court and docket number of the action. Please identify and produce any and all documents relating to your response.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. These interrogatories are the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories

propounded on SCI by the Government, including discrete subparts, exceeds the limitations set forth in RCFC 33(a).

**INTERROGATORY NO. 15:**

**Describe in detail and substantiate each individual contention set forth in paragraph 9 of your complaint. Please identify and produce any and all documents relating to your response.**

ANSWER: Objection. SCI objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and beyond the scope of permissible discovery. This Interrogatory contains at least 8 separate contentions. This objection is the subject of a Motion for Protective Order that is presently pending before the Court on the grounds that the number of interrogatories propounded on SCI by the Government, including discrete subparts, exceeds the limitations of RCFC 33(a).

**DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

**Produce all documents requested to be identified and/or produced by the Government's first set of interrogatories.**

ANSWER: All documents responsive to this request, other than those protected by the attorney-client privilege and/or the attorney work-product doctrine, if any, will be produced at Structural Concepts Inc.'s office in Ocean, New Jersey at a mutually agreeable time.

**DOCUMENT REQUEST NO. 2:**

**Produce all documents supporting your contention that the Government is contractually obligated to compensate you for the allegations set forth in your complaint.**

ANSWER: All documents responsive to this request, other than those protected by the attorney-client privilege and/or the attorney work-product doctrine, if any, will be produced at Structural Concepts Inc.'s office in Ocean, New Jersey at a mutually agreeable time.

**DOCUMENT REQUEST NO. 3:**

**Produce all documents supporting your contention that you are entitled to the contract balance and remission of liquidated damages, as alleged in your complaint.**

ANSWER: All documents responsive to this request, other than those protected by the attorney-client privilege and/or the attorney work-product doctrine, if any, will be produced at Structural Concepts Inc.'s office in Ocean, New Jersey at a mutually agreeable time.

**DOCUMENT REQUEST NO. 4:**

**Produce all documents supporting your contention that you are entitled to damages for delays, impacts, and disruptions allegedly caused by the Government.**

ANSWER: All documents responsive to this request, other than those protected by the attorney-client privilege and/or the attorney work-product doctrine, if any, will be produced at Structural Concepts Inc.'s office in Ocean, New Jersey at a mutually agreeable time.

**DOCUMENT REQUEST NO. 5:**

**Produce all documents supporting your contention that you are entitled to the contract balance of $56,200.**

ANSWER: All documents responsive to this request, other than those protected by the attorney-client privilege and/or the attorney work-product doctrine, if any, will be produced at Structural Concepts Inc.'s office in Ocean, New Jersey at a mutually agreeable time.

**DOCUMENT REQUEST NO. 6:**

**Produce all documents supporting your contention that you are owed damages in the amount of $1,200,000.**

ANSWER: All documents responsive to this request, other than those protected by the attorney-client privilege and/or the attorney work-product doctrine, if any, will be produced at Structural Concepts Inc.'s office in Ocean, New Jersey at a mutually agreeable time.

**DOCUMENT REQUEST NO. 7:**

**Produce all documents that support the contentions contained in paragraph 9 of your complaint.**

ANSWER: All documents responsive to this request, other than those protected by the attorney-client privilege and/or the attorney work-product doctrine, if any, will be produced at Structural Concepts Inc.'s office in Ocean, New Jersey at a mutually agreeable time.

**DOCUMENT REQUEST NO. 8:**

**Produce all documents supporting your contention that you are owed a remission of liquidated damages.**

ANSWER: See Response to Document Request No. 3.

**DOCUMENT REQUEST NO. 9:**

**Produce all other documents that you intend to rely upon at trial.**

ANSWER: Plaintiff Structural Concepts Inc. has not determined what documents it intends to rely upon at trial. SCI reserves the right to timely supplement this answer.

**DOCUMENT REQUEST NO. 10:**

**Produce all documents identified or referenced in your responses to the Government's first set of interrogatories and all documents consulted in the preparation of your responses to the interrogatories.**

ANSWER: See Response to Document Request No. 1.

Date: September 9, 2005

RHOADS & SINON LLP

By: ______________________________

David W. Francis, Esquire
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff,
Structural Concepts, Inc.