IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | NO. 04-1141 C<br><br>JUDGE LYNN J. BUSH |

# PLAINTIFF STRUCTURAL CONCEPTS, INC.'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER

## I. INTRODUCTION

This Court's December 27, 2004 Scheduling Order provided that completion of factual discovery would end on September 15, 2005. This gave each of the parties 262 days to complete any necessary factual discovery. The United States squandered 227—86%—of those days by failing to perform any discovery in support of its claims or defenses. The United States does not explain this delay. Now, on the final day of the discovery period, it requests an additional 120 days to complete discovery. The reasons provided are: (1) the case was only recently assigned to new counsel; (2) discovery disputes are delaying completion of discovery, and (3) depositions have not been performed. SCI does not agree that these reasons justify a 120-day extension. As communicated to counsel for the United States, however, SCI will consent to a reasonable extension of deadlines as long as the United States complies with all of its discovery obligations. For purposes of this Response, SCI is proposing a 60-day[1] extension of the current deadlines as set forth in the Scheduling Order. In exchange, the United States must do the following:

[1] As explained herein, SCI previously told the United States that it would agree to a 30 day extension. Although SCI continues to believe that 30 days is sufficient, it will agree to 60 in order to resolve this request.

1. Comply with the requirements of RCFC 33 requiring answers to interrogatories be under oath and signed by the person making it;[2]

2. Provide full and complete answers to the interrogatories or, in the alternative, a timely and lawful reason for refusing to do so;[3]

3. Provide an acceptable privilege log that gives SCI the ability to challenge the claims of privilege and work product confidentiality; [4]

4. Provide copies—including redacted copies where a privilege is claimed—of all documents responsive to SCI's request for documents; and

5. Withdraw the current Interrogatories with the excessive number of interrogatories served upon SCI, and serves a revised set that complies with the limitation set forth in RCFC 33.[5]

## II. ARGUMENT

### A. Assignment of New Counsel for the United States

The United States argues that the appointment of new counsel in this matter justifies a 120-day extension of time. Its motion fails to provide any legal or logical basis for a request of

[2] *Defendant's Response to Plaintiff's First Set of Interrogatories and Request for the Production of Documents* contained neither. Despite SCI's letters of August 5 and September 14, 2005, the United States has refused to provide these.

[3] The United States failed to provide full and complete answers to interrogatories. As an example only, the United States refused to provide contact information for witnesses it identified—even those no longer employed by the United States. Instead, it stated that contact could be arranged through counsel for the United States. This is not responsive.

[4] This is the subject of a current motion to compel.

[5] The United States served its *Defendant's First Set of Interrogatories and Defendants First Request for Documents* upon SCI on August 10, 2005. SCI promptly and repeatedly notified the United States that its request exceeded the maximum allowed under RCFC 33 (SCI letters to United States dated August 15, August 24 and September 14). The United States has refused to address this deficiency.

120 days. It also fails to identify when the United States became aware of the need for new counsel and what steps it could have or did take to address it.

Even assuming that an extension is permissible on this basis, the United States has failed to demonstrate that it is entitled to the 120 days. SCI believes that sixty (60) days is more than sufficient.

## B. Discovery Disputes

The United States claims that a 120 day extension of time is necessary because of the outstanding discovery disputes. This argument lacks merit. First, as explained herein, the discovery disputes are a direct result of the United States' actions and inactions. As such, these discovery disputes do not justify an extension of time for the United States, but only for SCI.[6]

Second, the United States has failed to demonstrate how the discovery disputes justify the 120-days sought. Some rational basis between the disputes and the amount of time requested should be provided.

As explained above, the discovery disputes in this matter are a direct result of the United States' failure to conduct and fully respond to discovery. This history of the discovery is set forth below and graphically portrayed in the attached timeline as Exhibit A:

- On December 27, 2004, this Court issued a Scheduling Order establishing September 15, 2005 as the deadline for completion of discovery (Exhibit B).

- On March 7, 2005, SCI served *Plaintiff Structural Concepts, Inc.'s Request for the Production of Documents—First Set* and *Plaintiff Structural Concepts, Inc.'s Interrogatories to Defendant—First Set* upon the United States (Exhibits C and D).

[6] SCI is not asking this Court to provide only it with an extension. It requests a mutual extension of 60 days.

- On April 18, 2005, SCI sent a letter to the United States stating that the responses to discovery were overdue and asking that they be provided within the next ten days (Exhibit E).[7]

- On June 22, 2005, the United States provided documents and responses to interrogatories (Exhibit F).

- On August 5, 2005, SCI notified the United States that its discovery responses were inadequate and requested that these inadequacies be corrected (Exhibit G). This letter stated that if the United States wanted an extension of time, it should submit that request in writing.

- On August 10, 2005—235 days after the Court's December 27, 2004 Order and a mere 36 days before the discovery period expired—the United States finally served its *Defendant's First Set of Interrogatories and Defendants First Request for Documents* upon SCI (Exhibit H).

- On August 15, 2005, SCI sent a letter to the United States advising that it served more interrogatories than permitted by the RCFC 33 (Exhibit I).

- On August 17, 2005, the United States sent a letter to SCI which denied that it propounded more than 25 interrogatories and stating that it was refusing to modify or withdraw its interrogatories (Exhibit J).

- On August 24, 2005, SCI responded and explained, in detail, how the United States had exceeded the 25 interrogatory maximum (Exhibit K).

- On September 1, 2005, the United States responded and again attempted to explain why it had not violated the 25 interrogatory limitation (Exhibit L).

- On September 9, 2005, SCI filed a motion to compel discovery and a motion for a protective order against the improper number of interrogatories served in this case (Exhibits M and N, without exhibits).

- Also on September 9, 2005, the United States finally requested an extension of time to complete discovery (Exhibit O).

- On September 14, 2005, SCI responded to the United States' written request by stating that it would agree to a 30-day extension for completion of discovery (Exhibit P).

- On September 15, 2005, the United States filed this Motion.

---

[7] SCI had subsequent telephone discussions with the United States about responding to this discovery. However, SCI does not have any documentation regarding these subsequent discussions.

This history reflects that the United States has delayed itself and is not entitled to 120 days of extension.

1. *Discovery Disputes Regarding the United States' Discovery to SCI.*

The only outstanding discovery dispute arising out of the United States' discovery to SCI relates to the number of interrogatories served upon SCI. This is the subject of a pending motion for a protective order filed by SCI. This dispute does not justify the amount of extension requested by the United States for many reasons.

First, the United States should not have waited until 86% of the allotted discovery period had expired to serve interrogatories upon SCI. The 262 days of discovery permitted by this Court's order was more than sufficient to address all of the discovery issues sought by the United States.

Second, the United States should not have served more than 25 interrogatories upon SCI. It could (and should) have trimmed the interrogatories down to 25, or sought leave to serve more than 25 as permitted by the RCFC.

Third—and most importantly—the United States has not demonstrated any rational connection between the dispute over the number of interrogatories served and the 120-day period requested. Sixty days should be sufficient to resolve this issue.

2. *Discovery Disputes Concerning SCI's Discovery to the United States.*

There are several ongoing discovery disputes between SCI and the United States regarding the completeness of responses to discovery. These disputes—wherein SCI is objecting to the discovery provided by the United States—do not justify an extension of time for the United States. Again, if anything, they justify an extension for SCI only.

SCI has attempted to resolve these disputes without judicial intervention. SCI's motion to compel only addressed the inadequacy of the privilege log. It did not address the United States' failure to provide a verification, its failure to provide full and complete answers to its interrogatories, or its failure to provide all of the documentation requested in the document request. These additional issues were only raised before this Court in this Memorandum of Law because of the United States' reference to "discovery disputes" as a basis for an extension of time.

These discovery disputes do not justify the 120 days requested by the United States. SCI believes that all outstanding discovery can be completed with a 60-day extension as long as both parties act with diligence to complete this discovery.

### C. Conducting Depositions

Finally, the United States asserts that the schedule should be extended because depositions have not yet been conducted. The United States has not identified any witnesses it seeks to depose, and waited until just before the close of discovery to file its discovery requests. Based upon this, it is hard to understand why the United States is requesting a 120 day extension.

Further, the United States has not explained why the depositions cannot be held during the 60-day extension period. SCI is proceeding under the assumption that these depositions will take place during this sixty day period and has provided the United States with a schedule showing when SCI wants to depose certain witnesses.

## III. CONCLUSION

WHEREFORE, Structural Concepts, Inc. respectfully requests that Defendant's Motion to Modify Scheduling Order be Denied in Part. Structural Concepts, Inc. respectfully requests that the dates reflected in the Court's December 27, 2004 Scheduling Order be extended 60 days

and that the United States promptly correct all of the deficiencies in its discovery responses, as follows:

a. Provides a written verification and a signature to SCI for the answers to Interrogatories;

b. Provides full and complete answers to SCI's Interrogatories, including providing addresses for all individuals identified;

c. Provides a full and complete privilege log;

d. Provides all documents responsive to SCI's document requests; and

e. Withdraws its Interrogatories and serves a new set numbering 25 or less upon SCI.

Rhoads & Sinon LLP

By: /s/ David W. Francis
David W. Francis
Kelly H. Decker
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff,
Structural Concepts Inc.

Date: September 29, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2005, a true and correct copy of the attached Plaintiff's Response to Defendant's Motion to Modify Scheduling Order was served and filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David W. Francis
David W. Francis