# EXHIBIT B

# In the United States Court of Federal Claims

No. 04-1141 C

(Filed December 27, 2004)

* * * * * * * * * * * * * * * * * * * * *
STRUCTURAL CONCEPTS, INC., *
*
*Plaintiffs*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * * * *

**PRELIMINARY SCHEDULING ORDER**

On December 22, 2004, the parties, pursuant to Appendix A, ¶ 4 of the Rules of the United States Court of Federal Claims (RCFC) filed their joint preliminary status report (JPSR). Therein, the parties reported to the court that they anticipate that this case will go forward to litigation. In that regard, counsel for the respective parties request that the parties be permitted to engage in discovery, explore settlement and determine if filing a dispositive motion is appropriate in lieu of or in addition to trial.

Upon an examination of the pleadings and the JPSR, pursuant to RCFC 16(b), it is **ORDERED** that the following preliminary schedule is established:

(1) Initial Disclosures, pursuant to RCFC 26(a), shall be exchanged between the parties on or before **January 31, 2005**.

(a) For the damages disclosure required by RCFC 26(a)(1)(C) and, subsequently, exhibits proposed in accordance with Appendix A, ¶13(a), any and all items and figures from books of account or other records, which are to be introduced into evidence in this matter, and any calculations or estimates derived

therefrom, shall be set forth on separate schedules or summaries and so provided and disclosed to opposing counsel during the discovery period;

(b) Any schedule or summary provided pursuant to paragraph (1)(a) shall be accompanied by a statement describing the source(s) for the items or figures listed (ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), the time, during the discovery period, when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each schedule or summary and who shall be made available to the opposing party during an examination or audit of the source material to provide information and explanations required for verification of the listed items or figures.

(c) Upon receipt of a schedule or summary pursuant to paragraph (1)(a), receiving counsel shall provide for an examination or audit of the source material by a person(s) qualified to present testimony and thereafter provide opposing counsel with a statement during the discovery period, admitting or denying the accuracy or admissibility of each schedule or summary (or portion thereof) submitted by opposing counsel, which statement shall address each item and figure submitted and reflect and set forth the results of the examination or audit of the source material from which the submissions were derived and shall set forth the reason(s) for any denial of accuracy as to specific items or figures, citing generally accepted accounting principles or regulations where applicable, and the reason(s) for any denial of admissibility as to specific items or figures, keyed to the applicable Federal Rule(s) of Evidence;

(d) Proposed trial exhibits exchanged pursuant to Appendix A, ¶ 13(a) shall include schedules setting forth *all* items and figures from books of account or other records, and calculations and estimates derived therefrom, which a party intends to introduce into evidence with appropriate identification of those specific scheduled items, figures, calculations and estimates thereon which, on the basis of pretrial examinations or audit and exchanges are contested as to accuracy or admissibility, so that evidentiary proceedings as to items and figures shall thereafter be limited to those identified as contested.

(2) All **fact discovery**, including production of documents, depositions, interrogatories and requests for admissions, as well as any amendment of pleadings

shall be **COMPLETED** on or before **September 15, 2005**.

(3) The parties shall complete the disclosure of **expert reports** on or before **November 15, 2005**.

(4) The parties shall **COMPLY** with all requirements of RCFC 26 (a)(2) with respect to disclosure of expert testimony within the stated discovery deadline unless the parties request additional time for expert discovery and/or disclosure.

(5) On **December 30, 2005**, or upon completion of discovery by the parties, whichever event occurs earlier, counsel are directed to **FILE** a **Joint Status Report** informing the court of the status of proceedings in the case and the extent to which the parties have determined whether any or all of the instant matter may be settled. The status report shall also set forth a proposed schedule for the exchanges required by Appendix A, ¶ 13 and the filings required by ¶¶ 14 through 17.

(6) Any **Dispositive Motions** shall be **FILED** on or before **January 31, 2006.**[1]

s/Lynn J. Bush
LYNN J. BUSH
Judge

---

[1]/ Two (2) paper copies of all dispositive motions shall also be submitted to chambers of the undersigned.

# EXHIBIT C

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC.,<br>Plaintiff<br>v.<br><br>THE UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE AIR FORCE<br>Defendant | No. 04-1141 C<br><br>Judge Lynn J. Bush |

## PLAINTIFF STRUCTURAL CONCEPTS, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS- FIRST SET

PLEASE TAKE NOTICE that pursuant to Rules 26, 33, 34, and 36 of the Rules of the United States Court of Federal Claims that you are required to serve a written response to this Request for Production of Documents within 30 days of service of this document. Your written request shall state, with respect to each item or category listed below, that inspection shall be permitted as requested or an objection shall be stated. Plaintiff requests that the documents be produced at the offices of Rhoads & Sinon LLP, One South Market Square, P.O. Box 1146, Harrisburg, PA 17108-1146, or at such time and location as may be agreed upon by counsel. Pursuant to Rule 26(e) of the Rules of the United States Court of Federal Claims, this request is deemed continuing in nature, and you are under a duty to supplement or amend your response.

## DEFINITIONS

1. The terms "you," "your" or other reference to anyone to whom these requests are directed shall mean the person or entity to whom these requests are directed, as well as all agents, employees and representatives, unless the context requires a different construction.

2. The words "describe," "state," "state facts," "provide information" or similar instructions or terms shall mean to describe and state fully with all relevant details, by reference to underlying rather than ultimate facts, conclusions or generalities, and to particularize as to time, place and manner, unless the context indicates otherwise. Furthermore, said terms shall be deemed to include a request that you identify (as that term is defined below) all witnesses and other persons who possess any facts, knowledge or information which is embodied in the answer to the request, and that you identify (as that term is defined below) each and every document (as that term is defined below) which includes or refers to any of the facts, referenced or information set forth in the answer to the request, or on which you relied upon in whole or in part in preparing the answer to the request.

3. The term "document" includes without limitation, any written, recorded or graphic matter, however produced or reproduced, manually, mechanically, electronically, or otherwise, including, but not limited to, correspondence, telegrams, notes or other written communications; notes of oral communication, telephone conversations, meetings or other notes recording any information or conversations; calendars, appointment books, logs, diaries, notebooks or similar materials; investigative files and materials; contracts or agreements; memoranda; reports; studies; recordings, films, or video materials; computer printout or media; tapes or cassettes; analyses; projections; work papers; orders; invoices; telephone messages; photographs, charts or other visual materials; compilations of data or information; plans, drawings, specifications; test results; or other material from which data or other information can be obtained. The term "document" also includes any non-identical copies, draft of any of the foregoing, in addition to the original documents, which copies and drafts include writings, notations, corrections or markings peculiar to such copy or draft.

4. The term "identify" as used in connection with a person or entity means to set forth his, her or its full name, residential and employment address if a natural person, and location if not a natural person.

The term "identify" as used in connection with a document means to state its date, the identity of its author(s), the identity of its sender(s), the identify of the person(s) or entity(ies) to whom it was addressed, the identity of the recipient(s), a description of the title and format of the document, the number of pages of the document, the identity of each person known or believed to have possession, custody, control of or access to any copy or original of the document, and a detailed description of the substance and content of the document.

5. "SCI," "Structural" and "Plaintiff" shall mean Plaintiff, Structural Concepts, Inc.

6. "The United States of America," "Government," "Air Force," and "Defendant" shall mean the Defendant, United States of America, Department of the Air Force.

7. "McGuire" shall mean McGuire Air Force Base, New Jersey.

8. The term "the Project" shall mean Contract F28609-99-0005 for the alterations to Building 2704 Visiting Officers Quarters at McGuire Air Force Base, New Jersey.

9. The term "Contract" shall mean Contract F28609-99-0005 entered into between SCI and the Air Force for the project work.

INSTRUCTIONS

1. In answering this Request for Production of Documents, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, subcontractors, experts, agents, attorneys, or

appearing in your documents, not merely information within the personal knowledge of the individual(s) executing your answers to request for documents.

2. If you cannot answer the following requests for documents in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portion.

3. Where exact statistical or numerical information, including dates or times, cannot be furnished, provide estimated or approximate information. Where an estimation or approximation is supplied, identify the information as an estimation or approximation, describe the basis upon which the estimate or approximation was made, and explain why exact statistical or numerical information cannot be furnished.

4. Should you claim privilege for any documents about which information is requested by any of the following requests for documents, describe such documents in the manner indicated above, describe that portion of the document for which the claim of privilege is being asserted, and state the ground upon which the claim rests. Notwithstanding a claim that a document is privileged, any portion of such a document which is not privileged must be disclosed.

5. If you object to or otherwise decline to answer any portion of a request, please provide all information called for by that portion of the request to which you do not object or to which you do not decline to answer. If you object to a discovery request upon the ground that it is too broad (i.e., that it calls both for information that is relevant to the lawsuit and information that is not), provide the information that is relevant. If you object to a discovery request upon the ground that to provide an answer would constitute an undue burden, provide all requested information that can be supplied without undertaking an undue burden. For those portions of the discovery request to which you object or otherwise decline to answer, state the reason for such objection or declination.

6. If any document described below cannot be located, describe in detail the effort made to locate the document, identify the person who made the effort, including the custodian of any documentation searched, and identify any Government agencies that were provided a copy of document(s). If the document was destroyed, state when, at whose direction, and the reasons for its destruction. If the document was lost, state at what approximate date, by whom, and under what circumstances. If you are unable to produce any document requested for any other reason, state the reason you are unable to produce the document, and identify the document with as much accuracy as possible.

7. All information shall be furnished in sufficient detail to enable a party or a person to whom a subpoena is directed to identify fully the document to be produced, and to enable plaintiff to determine that such document, when produced, is in fact the document so described.

8. This discovery request is continuing in nature. Please provide, by way of supplemental answers and documents, whatever information might subsequently be obtained that will augment or modify any of your responses.

9. If you contend that any of the information, documents or tangible items sought in these Requests for Production of Documents is protected from discovery on the basis of any privilege or otherwise, you are to provide the following information in lieu of the discovery sought: (a) the specific nature of the protection from disclosure that you contend applies; (b) all facts upon which you base your contention that valid protection from disclosure applies; (c) the form in which the information is contained (e.g. a document, recollection of a fact witness, etc.); (d) in the case of a document, sufficient information so as to enable its subsequent identification and a motion for in camera inspection (including, but not limited to: the author, recipient, date of the document and number of pages); and (e) in the case of information encoded on computer disk or tape, in microfiche or microfilm, in video or film, sufficient information so as to enable its subsequent identification in a motion for in camera inspection (including, but not limited to: the type, manner and format, the number of units, and duration or length of the film or videotape).

## DOCUMENT REQUESTS

1. The Air Force's entire project file for the project.

2. All contracts, revised contracts, agreements, modifications, addenda, and amendments to solicitation relating to the project.

3. All documents which comprise the contract between the Air Force and SCI including all documents which reference or are related to the Contract.

4. Any and all documents relating to the design of the project. This includes, but is not limited to, all correspondence, copies of plans, drawings, specifications, shop drawings and modifications, addenda, meeting minutes, proposals, budgets, notes, reports, investigations, or other such documents.

5. Any document itemizing or relating to any errors, omissions, or discrepancies contained in the plans, drawings and specifications for the project.

6. Any correspondence with the design professional or its insurance carrier for the project regarding the plans, drawings and specifications for the project.

7. Any and all documents relating to the award of the contract to SCI, including but not limited to proof of mailing and/or receipt of the award by SCI.

8. Any and all documents relating to the issuance of the notice to proceed for the

project.

9. Any and all documents relating to the issuance of the contract documents for bidding, including but not limited to all documents used or referred to in assembling the contract documents.

10. Any and all minutes, memoranda, agendas or notes of any periodic meetings held during the assembly of bidding documents, during issuance of the bidding document, during the evaluation of bidding documents and during the award of the project.

11. Any and all memoranda and notes, including memoranda or notes of telephone conversations, relating to the compilation or preparation of the estimate of time predicted to complete the project.

12. Any and all documents relating to the construction of the project.

13. All project diaries and logs maintained by the Air Force during the project.

14. All progress reports.

15. All Requests for Information.

16. All consultants' reports and documents regarding any inspections or evaluations of the progress of the work.

17. All punch lists and close out documentation.

18. All warranty documents.

19. All project schedules including bar charts, CPM schedules, updates to schedules and any corresponding narrative reports.

20. All documents, including drawings and plans, showing the site conditions at the project prior to the start of construction.

21. All documents or drawings, depicting or purporting to depict "as-built" conditions for the project.

22. All laboratory and testing results regarding termite infestation at the project site, including when the testing was performed and whether it was disclosed during the bidding or contract formation phase.

23. All documents relating to asbestos and/or lead removal at the project site.

24. All documents relating to the Air Force's decision or direction to shut down the heat in the building in or about January 2004.

25. All documents relating to the SCI's request for a modification for the replacement of the HVAC fan coils in the building that burst due to the lack of heat in the building.

26. Any and all documents and backup files supporting your decision(s) to approve or deny SCI's requests for Modifications for the project, including but not limited to, notice letters, memoranda, or statements, including letters, materials, and schedule analysis of the impact of the changed work.

27. All Modifications issued on the project.

28. Any and all memoranda, reports, charts, notes, working papers, or other documents and summaries thereof pertaining to any all delays claimed by you of SCI's performance of work on any of its contractual obligations with regard to the project.

29. All documents regarding the Air Force's ability/inability to obtain necessary funding for the project.

30. All Contractors Quality Control Reports, daily logs of construction and/or other daily reports relating to the project whether prepared by the Air Force or any other entity.

31. Any and all notes, correspondence, email correspondence, meeting minutes or other documents concerning the Contract and/or the project.

32. Any and all documents purporting to be certifications of substantial or final completion.

33. Any and all documents evidencing the Air Force's acceptance of SCI's project work.

34. Any and all certificates of occupancy or other documents demonstrating when the Air Force took occupancy of the project.

35. All documents relating the date the Air Force claims is the completion date for the project, including any and all proposals or unilateral decisions by the Air Force regarding the project completion date.

36. Any and all suspension notices or other similar documents issued by the Air Force during the project.

37. A complete list of dates when the Air Force suspended work on the project.

38. All documents relating to the Air Force's decision to change the characterization of the contract initially from a lump sum price to a cost reimbursement contract, and the actual method of payment to SCI contract.

39. All documents relating to the Air Force's decision to later change the method of payment to SCI from cost reimbursement to lump sum contract.

40. Any and all documents that the Air Force intends to use or introduce at trial.

41. Any and all documents identified in answers to Interrogatories.

42. Any and all expert reports generated by any expert witness whom the Air Force intends to call at the trial of this case.

RHOADS & SINON LLP

By Kelley H. Decker

David W. Francis
dfrancis@rhoads-sinon.com
Kelly H. Decker
kdecker@rhoads-sinon.com
One South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 237-6738 (direct)
(717) 231-6600 (fax)
*Attorneys for Structural Concepts, Inc.*

Date: March 7, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March, 2005, a true and correct copy of the foregoing Plaintiff's Structural Concepts, Inc.'s Request for Production of Documents – First Set was served by means of United States mail, first class, postage prepaid, upon the following:

Thomas B. Fatouros
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
Attn: Classification Unit, 8th Floor
110 L Street, N.W.
Washington, DC 20503

Kelly H. Decker
Kelly H. Decker

# EXHIBIT D

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC.<br>Plaintiff<br>v.<br><br>THE UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE AIR FORCE<br>Defendant | No. 04-1141 C<br><br>Judge Lynn J. Bush |

## PLAINTIFF STRUCTURAL CONCEPTS, INC.'S INTERROGATORIES TO DEFENDANT - FIRST SET

PLEASE TAKE NOTICE that pursuant to Rules 26, 33, 34, and 36 of the Rules of the United States Court of Federal Claims that you are required to serve a written response to the within Interrogatories within 30 days of service of this document. Pursuant to Rule 26(e) of the Rules of the United States Court of Federal Claims, this request is deemed continuing in nature, and you are under a duty to supplement or amend your response.

The following definitions are applicable to, and incorporated by reference in, each Interrogatory. Each Interrogatory must be read in light of these definitions and your answers must be responsive to the Interrogatories as so defined:

## DEFINITIONS AND INSTRUCTIONS

1. The terms "you," "your" or other reference to anyone to whom these Interrogatories are directed shall mean the person or entity to whom these Interrogatories are directed, as well as all agents, employees and representatives, unless the context requires a different construction.

2. The words "describe," "state," "state facts," "provide information" or similar instructions or terms shall mean to describe and state fully with all relevant details, by reference to underlying rather than ultimate facts, conclusions or generalities, and to particularize as to time, place and manner, unless the context indicates otherwise. Furthermore, said terms shall be deemed to include a request that you identify (as that term is defined below) all witnesses and other persons who possess any facts, knowledge or information which is embodied in the answer to the Interrogatory, and that you identify (as that term is defined below) each and every document (as that term is defined below) which includes or refers to any of the facts, referenced or information set forth in the answer to the Interrogatory, or on which you relied upon in whole or in part in preparing the answer to the Interrogatory.

3. The term "document" includes without limitation, any written, recorded or graphic matter, however produced or reproduced, manually, mechanically, electronically, or otherwise,

including, but not limited to, correspondence, telegrams, notes or other written communications; notes of oral communication, telephone conversations, meetings or other notes recording any information or conversations; calendars, appointment books, logs, diaries, notebooks or similar materials; investigative files and materials; contracts or agreements; memoranda; reports; studies; recordings, films, or video materials; computer printout or media; tapes or cassettes; analyses; projections; work papers; orders; invoices; telephone messages; photographs, charts or other visual materials; compilations of data or information; plans, drawings, specifications; test results; or other material from which data or other information can be obtained. The term "document" also includes any non-identical copies, draft of any of the foregoing, in addition to the original documents, which copies and drafts include writings, notations, corrections or markings peculiar to such copy or draft.

4. The term "identify" as used in connection with a person or entity means to set forth his, her or its full name, residential and employment address if a natural person, and location if not a natural person.

The term "identify" as used in connection with a document means to state its date, the identity of its author(s), the identity of its sender(s), the identify of the person(s) or entity(ies) to whom it was addressed, the identity of the recipient(s), a description of the title and format of the document, the number of pages of the document, the identity of each person known or believed to have possession, custody, control of or access to any copy or original of the document, and a detailed description of the substance and content of the document.

5. "SCI," "Structural" and "Plaintiff" shall mean Plaintiff, Structural Concepts, Inc.

6. "The United States of America," "Government," "Air Force," and "Defendant" shall mean the Defendant, United States of America, Department of the Air Force.

7. "McGuire" shall mean McGuire Air Force Base, New Jersey.

8. The term "the Project" shall mean Contract F28609-99-0005 for the alterations to Building 2704 Visiting Officers Quarters at McGuire Air Force Base, New Jersey.

9. The term "Contract" shall mean Contract F28609-9-0005 entered into between SCI and the Air Force for the project work.

## INSTRUCTIONS

1. In answering these Interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, subcontractors, experts, agents, attorneys, or appearing in your documents, not merely information within the personal knowledge of the individual(s)

executing your answers to request for documents.

2. If you cannot answer the following requests for documents in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portion.

3. Where exact statistical or numerical information, including dates or times, cannot be furnished, provide estimated or approximate information. Where an estimation or approximation is supplied, identify the information as an estimation or approximation, describe the basis upon which the estimate or approximation was made, and explain why exact statistical or numerical information cannot be furnished.

4. Should you claim privilege for any documents about which information is requested by any of the following requests for documents, describe such documents in the manner indicated above, describe that portion of the document for which the claim of privilege is being asserted, and state the ground upon which the claim rests. Notwithstanding a claim that a document is privileged, any portion of such a document which is not privileged must be disclosed.

5. If you object to or otherwise decline to answer any portion of a request, please provide all information called for by that portion of the request to which you do not object or to which you do not decline to answer. If you object to a discovery request upon the ground that it is too broad (i.e., that it calls both for information that is relevant to the lawsuit and information that is not), provide the information that is relevant. If you object to a discovery request upon the ground that to provide an answer would constitute an undue burden, provide all requested information that can be supplied without undertaking an undue burden. For those portions of the discovery request to which you object or otherwise decline to answer, state the reason for such objection or declination.

6. If any document described below cannot be located, describe in detail the effort made to locate the document, identify the person who made the effort, including the custodian of any documentation searched, and identify any Government agencies that were provided a copy of document(s). If the document was destroyed, state when, at whose direction, and the reasons for its destruction. If the document was lost, state at what approximate date, by whom, and under what circumstances. If you are unable to produce any document requested for any other reason, state the reason you are unable to produce the document, and identify the document with as much accuracy as possible.

7. All information shall be furnished in sufficient detail to enable a party or a person to whom a subpoena is directed to identify fully the document to be produced, and to enable plaintiff to determine that such document, when produced, is in fact the document so described.

8. This discovery request is continuing in nature. Please provide, by way of supplemental answers and documents, whatever information might subsequently be obtained that will augment or modify any of your responses.

9. If you contend that any of the information, documents or tangible items sought in these Interrogatories is protected from discovery on the basis of any privilege or otherwise, you are to provide the following information in lieu of the discovery sought: (a) the specific nature of the protection from disclosure that you contend applies; (b) all facts upon which you base your contention that valid protection from disclosure applies; (c) the form in which the information is contained (e.g. a document, recollection of a fact witness, etc.); (d) in the case of a document, sufficient information so as to enable its subsequent identification and a motion for in camera inspection (including, but not limited to: the author, recipient, date of the document and number of pages); and (e) in the case of information encoded on computer disk or tape, in microfiche or microfilm, in video or film, sufficient information so as to enable its subsequent identification in a motion for in camera inspection (including, but not limited to: the type, manner and format, the number of units, and duration or length of the film or videotape).

## INTERROGATORIES

1. Identify each and every person who you believe may have knowledge of Contract No. F28609-99-0005 and/or the project and provide a summary of each person's knowledge. Attach all supporting documents.

**ANSWER:**

2. Identify the specific individuals with any knowledge of the liquidated damages assessed by the Air Force against SCI and any other issues addressed in the Air Force's counterclaim. A complete answer will identify all individuals who analyzed SCI's claim dated January 20, 2004. Provide a summary of each person's knowledge and attach all supporting documentation.

**ANSWER:**

3. Identify with specificity, each and every reason that the Air Force believes the project was delayed. Specify each incident and/or item of work you believe delayed the project and explain how each incident is attributable to each delay.

**ANSWER:**

4. State with specificity the date you claim the contract was awarded to SCI. A complete answer will include:

(a) if in writing, the date of the writing;

(b) who signed the writing on behalf of the Air Force;

(c) when it was mailed to and received by SCI; and

(d) attach proof of mailing of the award to SCI and any other supporting documentation.

**ANSWER:**

5. Identify the date that the Notice to Proceed was issued and state the reasons why the Notice to Proceed was not issued within the time required by the Contract and/or promptly following the purported award of the Contract.

**ANSWER:**

6. Identify all information in the Air Force's possession with respect to termite infestation within VOQ 2704 prior to and at the time of the bid. A complete answer will include all information provided to the prospective bidders, all testing and investigations performed by the Air Force and/or its consultants concerning any potential termite infestation, all correspondence between the Air Force and its consultants regarding the termite infestation. Attach all supporting documents.

**ANSWER:**

7. State whether the Air Force had sufficient funding for the project for the following time periods. Attach all supporting documentation:

(a) 10 August 1999 to 25 October 2002;

(b) 26 October 2001 to 3 January 2002; and

(c) 2 January 2002 to 1 August 2003.

**ANSWER:**

8. State whether you contend that the Contract was a firm fixed priced contract or a cost reimbursement contract. A complete answer will identify whether the Contract was a firm fixed priced contract or cost reimbursement when the project was let for bid; whether the Contract was a firm fixed priced contract or cost reimbursement when the contract was awarded to SCI; whether that characterization (firm fixed priced contract or cost reimbursement) was ever changed; who changed the characterization of the Contract and the reason for the change. Attach all supporting documentation.

**ANSWER:**

9. State whether you contend that there were any errors and/or omissions in the contract documents, including the plans, drawings and specifications. A complete answer will identify all of the errors and/or omissions you claim existed in the contract documents.

**ANSWER:**

10. Identify all durations for which the Air Force ordered a suspension of work on the project. A complete answer will also state the reasons for suspensions of work orders and the reasons the suspension orders were rescinded.

**ANSWER:**

11. State the names and addresses of each person whom you will call as an expert witness at a trial of this matter and as to each expert witness, identify the subject matter in which the expert will testify; the substance of the facts which the expert will testify; the substance of the opinions to which the expert will testify if called; and a detailed summary of the expert's grounds for each opinion.

**ANSWER:**

12. State the names and addresses of all fact witnesses who you intend to call at the trial and provide a concise summary of the testimony expected from each witness.

**ANSWER:**

13. List all exhibits and documents that you are planning to rely upon, utilize or introduce as evidence during the ensuing proceedings in support of your claim.

**ANSWER:**

RHOADS & SINON LLP

By Kelly H. Decker

David W. Francis
dfrancis@rhoads-sinon.com
Kelly H. Decker
kdecker@rhoads-sinon.com
One South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 237-6738 (direct)
(717) 231-6600 (fax)
*Attorneys for Structural Concepts, Inc.*

March 7, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March, 2005, a true and correct copy of the foregoing Plaintiff's Structural Concepts, Inc.'s Interrogatories to Defendant – First Set was served by means of United States mail, first class, postage prepaid, upon the following:

Thomas B. Fatouros
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
Attn: Classification Unit, 8th Floor
110 L Street, N.W.
Washington, DC 20503

Kelly H. Decker

Kelly H. Decker