# EXHIBIT H

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STRUCTURAL CONCEPTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04-1141C |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S FIRST SET OF INTERROGATORIES AND
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, the United States, hereby requests that plaintiff, Structural Concepts, Inc. ("SCI"), answer the following interrogatories under oath and produce to defendant the documents requested below in accordance with Rules 33 and 34 of the Rules of the United States Court of Federal Claims, respectively.

These interrogatories and production requests shall be deemed continuing, so as to require supplemental response(s) if plaintiff obtains additional information and/or discovers additional documents after service of its original response. Such supplemental responses shall be served from time to time, but not later than 10 days after such additional information has been obtained.

**DEFINITIONS AND INSTRUCTIONS**

A. The terms, "plaintiff," "you," "yourself," and "your" refers to plaintiff SCI, and its present or former officers, employees, agents, attorneys or representatives and every person connected with plaintiff in connection with the matter at issue in this action.

B. "Person" and "individual" means and includes natural persons, partnerships, corporations, associations, or any other kind of entity recognized by law and their employees or

independent contractors.

C. "Documents" refers to all writings, tapes, recordings, graphic representations, computer disks and tapes residing in computer memory, graphic representations, drawings or printed materials of any kind whatsoever, however produced, or reproduced that are now or have ever been in your possession or whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes, computer printouts or materials stored in a computer-readable status, electronic data, memoranda, invoices, bills, written estimates, contracts, agreements of any kind, shipping or receiving documents, diagrams, drawings, charts, graphs, sales or product information, designs, books, articles, or extracts from any of the foregoing and any drafts of the above or any other tangible things containing information.

D. "Complaint" refers to the pleading filed by plaintiff to commence this action.

E. Should you claim privilege for any documents, you are to provide a list of responsive documents which are withheld upon such a claim with the following information:

(1) Principals. The name and title of the author(s), sender(s), address(s), and recipient(s).

(2) Date. The date the document was originated.

(3) Publications. The date and title of each person to whom the contents of the document has been communicated (by copy, exhibition, reading, summarization, or otherwise).

(4) Descriptions. A description of the nature and subject matter of the document.

(5) Privilege. A statement of the privilege and the basis upon which it is asserted.

Notwithstanding a claim that a document is privileged, any document so withheld must

be produced with the portion claimed to be protected excised.

F. "Identify" or "identity" shall have the following meanings:

(1) When used in reference to an organization, the response shall state the full name and present or last known address of the corporation, partnership, firm or other entity.

(2) When used in reference to an individual, the response shall state his or her full name, present or last known address, present or last known business affiliation and job description, and any past or present affiliation with plaintiff or defendant.

(3) When used in reference to a document, the response shall state the type of document (e.g., memorandum, letter, note, contract), its date, author(s), addressee(s) (if any), synopsis of content, and present location. In lieu of providing this information, plaintiff may attach a copy of the document to its answers.

(4) When used in reference to a source of information, the response shall identify each individual providing information. The response shall also state whether the information has been reduced to writing or other tangible form. If so, this writing or other record shall be identified in the manner described in subparagraph (3) above.

G. "Describe in detail" or "state in detail" as used herein, means the following:

(1) Describe fully by reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(2) Particularize as to:
(a) the identity of each person involved in each such event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;
(b) the specific acts of each person participating in each such event;
(c) the date and time of each such event;
(d) the address and location of each such event; and
(e) the identity of each person present during each such event.

H. "Contract" means the contract identified in your complaint.

I. "Contractor" means SCI and present or former officers, employees, agents,

attorneys, or representatives and every person connected with it in connection with the matter at issue in this action.

J. The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail and event which relates to the reference, contention or response.

K. The word "substantiate" means to identify each document and/or communication, including each and every provision of the contract, upon which you rely in making the reference, contention or response, and to state any other facts relating to the reference, contention or response.

L. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

M. Should you claim privilege for any documents about which information is requested for any of the following interrogatories or production requests, describe those documents, in the manner described above, and indicate your claim of privilege and give the grounds upon which your claim of privilege rests.

N. If you object to or otherwise decline to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which you do not object or to which you do not decline to answer. If you object to an interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and information which is not), please provide the information that is relevant. If you object to an interrogatory on the ground that to provide an answer would constitute undue

burden, please provide all requested information that can be supplied without undertaking an undue burden. For those portions of an interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

**INTERROGATORY NO. 1:**

In regard to the contention contained in your complaint that you are entitled to additional compensation and/or a remission of liquidated damages based upon an allegation that the United States delayed, disrupted, and/or interfered with your performance:

(a) Explain in detail the facts which you contend establish or otherwise support each such contention;

(b) State whether you contend that the impacted activity or activities were on the critical path during any portion of the time that they were being performed and, if your response is anything other than an unqualified "no," state the specific dates that the impacted activity or activities were on the critical path;

(c) Set forth the exact date when the alleged delay to contract performance commenced, the exact date when the delay to contract performance ended, and the exact number of calendar days that contract performance was delayed;

(d) Explain in detail how you determined the specific number of calendar days by which contract completion was allegedly delayed;

(e) State whether you acknowledge, that at the time of the alleged delay to contract performance, there were other activities on a critical path that also were being delayed at the same time and, if so:

1. Describe in detail the nature of the delay;

2. Explain in detail your contentions as to the cause for the delay, whether you or any of its subcontractors were in any way responsible for or otherwise contributed to the delay in contract completion and, if so, the

extent to which you or your subcontractors were responsible;

(f) Identify and produce the base "as-planned" schedule and the particular schedule update or updates that you relied upon, if any, in developing your responses to the foregoing subparagraphs of this interrogatory;

(g) Identify and produce any other documents not previously identified that you contend substantiates your responses to any of the foregoing subparagraphs of this interrogatory; and

(h) Identify which of your personnel, and those of your subcontractors, suppliers, or consultants that it considers to have been, at the time the events were occurring on the project and during the development of your claims, to be the most knowledgeable with respect to the facts set forth in response to the foregoing subparagraphs.

ANSWER:

**INTERROGATORY NO. 2**

Identify all actual direct or indirect costs allegedly incurred by you as a result of the alleged delays, disruptions and changes, including:

(a) a description of the number of extra labor hours and amount of extra materials or supplies;

(b) the amount of extra labor costs;

(c) the amount of extra costs for materials and supplies;

(d) the amount of extra equipment costs;

(e) the amount of extra overhead costs;

(f) the amount of extra subcontractor costs;

(g) a description, and the amount of all other extra costs;

(h) total amount of costs incurred by you as a result of the alleged act or omission.

Set forth the costs relating to each delay, disruption or change separately, and identify the particular documents upon which you rely to respond to this interrogatory.

ANSWER:

**INTERROGATORY NO. 3**

Do you contend that the Air Force's actions in any manner delayed your completion of the contract from August 10, 1999, to October 25, 2000? If so describe in detail and substantiate the actions of the Air Force that you contend contributed to this delay and explain why these actions caused an increase in costs associated with the completion of the contract. Describe in detail the work you performed upon this contract from August 10, 1999, to October 25, 2000. Please identify and produce any and all documents relating to your response.

ANSWER:

**INTERROGATORY NO. 4**

Do you contend that the Air Force's actions in any manner delayed your completion of the contract from October 26, 2001, to January 3, 2002? If so describe in detail and substantiate the actions of the Air Force that you contend contributed to this delay and explain why these actions caused an increase in costs associated with the completion of the contract. Describe in detail the work you performed upon this contract from October 26, 2001, to January 3, 2002. Please identify and produce any and all documents relating to your response.

ANSWER:

**INTERROGATORY NO. 5**

Do you contend that the Air Force's actions in any manner delayed your completion of the contract from January 2, 2002, to August 1, 2003. If so describe in detail and substantiate the actions of the Air Force that you contend contributed to this delay and explain why these actions caused an increase in costs associated with the completion of the contract. Describe in detail the work you performed upon this contract from January 2, 2002, to August 1, 2003. Explain why you did not complete any work upon this contract from May 29, 2002, to September 2, 2002 and from November 28, 2002, to January 24, 2003, or, in the alternative, describe in detail the work you performed upon this contract during these time periods. Please identify and produce any and all documents relating to your response.

ANSWER:

**INTERROGATORY NO. 6**

Identify each subcontractor which performed any contract-related work during performance of the contract, and with respect to each such subcontractor:

(a) Describe in detail the work performed by the subcontractor on your behalf, including the specific time period during which such work was performed; and

(b) Identify and produce all documents reflecting, referring, or relating to the subcontractor and the work performed by the subcontractor on your behalf.

ANSWER:

**INTERROGATORY NO. 7**

Describe in detail and substantiate any portion of your claim that is related to additional payments made to subcontractors because of alleged Air Force delays. Explain why you believe each alleged increased payment to a subcontractor was caused by an Air Force delay. Describe in detail when payments for each subcontractor's service was requested, when each payment was sent, and how much was paid to each subcontractor. Specifically, describe in detail all communications between you and subcontractors Pramukh Aluminum & Glass Co., B&G Elevator, JS Mechanical Inc., and R and L Mechanical; including all estimates provided, invoices submitted, and payments sent. Please identify and produce any and all documents relating to your response.

ANSWER:

**INTERROGATORY NO. 8**

Do you contend that you performed any work that was beyond the scope of the contract? If so,

(a) Identify, in chronological order, each communication that you had with the Government, oral and written, that you contend constitutes a direction or order by the Government to perform the work referenced in the particular count, and identify any documents that constitute, document, or otherwise reference or memorialize any of the communications;

(b) Describe in detail the work you contend that you were directed or ordered to perform and explain why you contend that such work was extra, changed, or other work beyond the scope of the contract, identifying any documents upon which you rely in responding to this inquiry;

(c) Identify who performed the alleged extra, changed, or other work beyond the scope of the contract;

(d) Set forth the date on which you contend activity with respect to the alleged extra, changed, or other work beyond the scope of the contract commenced and the date on which work was finally completed, identifying any documents that you contend supports or substantiates your contention regarding these dates;

(e) Set forth the specific dates within the period set forth in response to the preceding subparagraph on which you contend work was actually performed by you or on your behalf, identifying any documents that you contend support or substantiates your contention regarding these dates;

(f) Identify and produce any other documents not previously identified that you

contend substantiates your responses to the foregoing subparagraphs; and

(g) Identify which of your personnel, and those of your subcontractors, suppliers, or consultants, that you consider to have been, at the time the events were occurring on the project and during the development of your claims, to be the most knowledgeable with respect to the facts set forth in response to the foregoing subparagraphs.

ANSWER:

**INTERROGATORY NO. 9**

If you contend that you performed any work beyond the scope of the contract,

(a) State whether you contend that such alleged extra, changed, or other work beyond the scope of the contract delayed completion of the project and, if so, explain in detail the facts which you contend establish or otherwise support this contention;

(b) State whether you contend that the alleged extra, changed, or other work beyond the scope of the contract was on the critical path during any portion of the time that it was being performed and, if your response is anything other than an unqualified "no," state the specific dates that the alleged extra, changed, or other work beyond the scope of the contract was on the critical path;

(c) Set forth the exact date when the alleged delay to contract performance, resulting from the alleged extra, changed, or other work beyond the scope of the contract commenced, the exact date when the delay to contract performance ended, and the exact number of calendar days that contract performance was delayed;

(d) Explain in detail how you determined the specific number of calendar days by which contract completion was allegedly delayed;

(e) State whether you acknowledge that, at the time of the alleged delay to contract performance, there were any activities on a critical path that also were being delayed at the same time and, if so:

1. Describe in detail the nature of the delay;

2. Explain in detail your contentions as to the cause for the delay, whether you or any of your subcontractors were in any way responsible for or otherwise

contributed to the delay in contract completion and, if so, the extent to which your or your subcontractors were responsible;

(f) Identify and produce the base "as-planned" schedule and the particular schedule update or updates that you rely upon, if any, in developing its responses to the foregoing subparagraphs of this interrogatory;

(g) Identify and produce any other documents not previously identified that you contend substantiates your responses to any of the foregoing subparagraphs of this interrogatory; and

(h) Identify which of your personnel, and those of your subcontractors, suppliers, or consultants, that you consider to have been, at the time the events were occurring on the project and during the development of your claims, to be the most knowledgeable with respect to the facts set forth in response to the foregoing subparagraphs.

<u>ANSWER</u>:

**INTERROGATORY NO. 10**

With respect to the contract, identify what you contend to be the original as-planned schedule that you produced, and with respect to such schedule:

(a) Identify who prepared the schedule;

(b) State when the schedule was prepared;

(c) Explain what period of time and what portion of the project the schedule was intended to cover;

(d) Explain whether the original schedule was ever modified or replaced by one or more subsequent schedules that were intended by you to serve as revised, base as-planned schedules, and if so:

1. Identify each such schedule;
2. Identify who prepared each such schedule;
3. Explain what period of time and what portion of the project the schedule was intended to cover;
4. Specify when, if at all, each subsequent base as-planned schedule was superseded.

(e) Identify and produce any and all documents relating to your response.

ANSWER:

**INTERROGATORY NO. 11**

Do you contend that the plans, specifications or other contract documents were deficient, defective, inaccurate, misleading or otherwise caused you to incur additional costs of performing the scope of work or take additional time to accomplish the scope of work? If so, describe, with specificity and particularity, each such deficiency, defect, inaccuracy or problem, when such problem was first encountered or discovered, the manner by which your performance of the scope of work was affected, how this deficiency impacted the time and cost of your performance, when and in what manner the deficiency was first brought to the Air Force's attention and the response you received from the Air Force. Please identify and produce any and all documents relating to your response.

ANSWER:

**INTERROGATORY NO. 12**

Do you contend that your productivity, cost or time of performance has been adversely affected by any act, omission, event or condition not set forth in answers to the preceding interrogatories? If so, describe each such act, omission, event or condition causing such effect, describe the effect, and describe, with specificity and particularity, when such act, omission, event or condition first occurred or was encountered by you, the manner by which your performance of the scope of work was affected. how such difficulty or problem impacted the time and cost of your performance, when and in what manner the act, omission, event or condition was first brought to the Air Force's attention and the response you received from the Air Force. Please identify and produce any and all documents relating to your response.

ANSWER:

**INTERROGATORY NO. 13**

Have you prepared or caused to be prepared any schedule analysis that purports to demonstrate or calculate the impact on contract time caused by the acts, omissions, conditions or events giving rise to the claims set forth in the complaint? If so, describe each such analysis by providing the titles, authors and dates of each and the data utilized for preparation of each such analysis. Please identify and produce any and all documents relating to your response.

ANSWER:

**INTERROGATORY NO. 14**

Have you ever filed any claims or initiated in lawsuits against any subcontractors, suppliers, vendors or manufacturers, or had any claims or lawsuits initiated against you by any subcontractors, suppliers, vendors or manufacturers, in connection with the contract at issue in this lawsuit? If so, state the name of the subcontractors, suppliers, vendors or manufacturers, the nature of the lawsuits or claims, the status of the lawsuits or claims, and the names, addresses, and phone numbers of the attorneys representing each subcontractor, supplier, vendor and/or manufacturer, and the name, court, and docket number of the action. Please identify and produce any and all documents relating to your response.

ANSWER:

**INTERROGATORY NO. 15**

Describe in detail and substantiate each individual contention set forth in paragraph 9 of your complaint. Please identify and produce any and all documents relating to your response.

**DOCUMENT REQUESTS**

DOCUMENT REQUEST NO. 1

Produce all documents requested to be identified and/or produced by the Government's first set of interrogatories.

DOCUMENT REQUEST NO. 2

Produce all documents supporting your contention that the Government is contractually obligated to compensate you for the allegations set forth in your complaint.

DOCUMENT REQUEST NO. 3

Produce all documents supporting your contention that you are entitled to the contract balance and remission of liquidated damages, as alleged in your complaint.

DOCUMENT REQUEST NO. 4

Produce all documents supporting your contention that you are entitled to damages for delays, impacts, and disruptions allegedly caused by the Government.

DOCUMENT REQUEST NO. 5

Produce all documents supporting your contention that you are entitled to the contract balance of $56,200.

DOCUMENT REQUEST NO. 6

Produce all documents supporting your contention that you are owed damages in the amount of $1,200,000.

DOCUMENT REQUEST NO. 7

Produce all documents that support the contentions contained in paragraph 9 of your complaint.

DOCUMENT REQUEST NO. 8

Produce all documents supporting your contention that you are owed a remission of liquidated damages.

DOCUMENT REQUEST NO. 9

Produce all other documents that you intend to rely upon at trial.

DOCUMENT REQUEST NO. 10

Produce all documents identified or referenced in your responses to the Government's first set of interrogatories and all documents consulted in the preparation of your responses to the interrogatories.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

FRANKLIN E. WHITE, JR.
Assistant Director

THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-5958
Fax: (202) 514-7965
Attorneys for Defendant

OF COUNSEL:
JOHN LAURO
DENISE McLANE
United States Air Force

August 10, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2005, I caused to be served by overnight delivery service, copies of "DEFENDANT'S FIRST SET OF INTERROGATORIES AND DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" addressed as follows:

David W. Francis
Rhoads and Sinon LLP
One South Market Square
12th Floor
Harrisburg, PA 17108-1146
Telephone: (717) 233-5731

Ena Goddard

# EXHIBIT I

70 Years
RHOADS & SINON LLP

David W. Francis
*ph* (717) 237-6738
*fx* (717) 231-6600
dfrancis@rhoads-sinon.com

FILE NO: 9415/1

August 15, 2005

VIA E-MAIL AND U.S. MAIL
Thomas B. Fatouros
United States Department of Justice; Civil Division;
Attn: Classification Unit
1100 L St. N.W.
Washington, D.C. 20530

Re: Structural Concepts, Inc. v. The United States
<u>United States Court of Federal Claims Docket No. 04-1141C (Judge Bush)</u>

Dear Mr. Fatouros:

I am in receipt of *Defendant's First Set of Interrogatories and Defendant's First Set of Production of Documents* directed to Structural Concepts, Inc. ("SCI"). Rule 33 of the Rules of the United States Court of Federal Claims specifically provides that parties may file interrogatories numbering 25 in number, including all discreet subparts. You have propounded more than 25 interrogatories. SCI objects to the excessive number of Interrogatories propounded.

Please revise and resubmit the Interrogatories in accordance with the Rules of Court. Please advise me no later than 5:00 p.m. on August 19, 2005 whether you will be providing revised Interrogatories. If you fail to adequately address this issue, SCI will file a motion for a protective order with the Court.

Thank you for your attention to this matter.

Very truly yours,

RHOADS & SINON LLP

By: David W. Francis

cc: George Moutis

574654 1

# EXHIBIT J

**U.S. Department of Justice**

Civil Division

DMC:FEW:TFatouros
DJ No. 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

(202) 307-5958

*Washington, D.C. 20530*

August 17, 2005

David Francis
Rhoads & Simon
12th Floor
One South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146

Re: Structural Concepts, Inc. v. United States, Fed. Cl. No. 04-1141C

Dear Mr. Francis:

This letter is in response to your letter of August 15, 2005. In your letter, you state that SCI believes that the Government has exceeded the allowable number of interrogatories provided by the Rules of the Court of Federal Claims ("RCFC"). As RCFC 33 limits the number of interrogatories to 25 and the Government has propounded 15 interrogatories, I assume that you believe that several of the interrogatories include multiple discreet subparts. However, each interrogatory is specifically tailored to a narrow area of your claim and concerns a specific topic. We have provided you narrow and focused interrogatories setting forth precisely the information the Government requests. While many of the interrogatories contain a series of explanatory requests with the intention of eliciting specific information concerning the limited topic of the interrogatory, the descriptions of the information requested within each interrogatory is necessary to prevent the interrogatory from becoming overly broad and unduly burdensome.

The purpose of the limit upon interrogatories is not to prevent discovery but to prevent potentially excessive use of this particular discovery device. A subpart is discreet when it is logically or factually independent of the question posed by the basic interrogatory. After again reviewing our interrogatories, I have been unable to identify any of the subparts that are logically or factually independent of the basic interrogatory presented. The subparts of our interrogatories are directed at eliciting details concerning a common theme regarding a limited area of inquiry. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (2nd ed. 1994). None of the Government's 15 interrogatories contains discreet subparts within the meaning of the RCFC. Accordingly, the Government will not provide SCI amended interrogatories because the Government's interrogatories comply with the provisions of RCFC 33.

Should you disagree with the Government's position, please set forth specifically which portions of each interrogatory you believe concerns a discreet area of inquiry, and I will attempt to address your concerns.

Very truly yours,

Thomas B. Fatouros
Trial Attorney
Commercial Litigation Branch