# EXHIBIT K

70 Years
RHOADS
& SINON LLP

Kelly H. Decker
*ph* (717) 237-6735
*fx* (717) 231-6600
kdecker@rhoads-sinon.com

FILE NO: 9415/1

August 24, 2005

**Re: <u>Structural Concepts, Inc. v. United States, Fed. Cl. No. 04-1141C</u>**

**<u>Via E-mail and U.S. Mail</u>**
Thomas B. Fatouros
United States Department of Justice; Civil
Division
Attn: Classification Unit
1100 L St. N.W.
Washington, DC 20530

Dear Mr. Fatouros:

This letter is in response to your letter of August 17, 2005 in which you claim that "None of the Government's 15 interrogatories contains discreet subparts within the meaning of RCFC." Your assertion is contrary to applicable law.

Rule 33(a) provides:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, **not exceeding 25 in number, including all discrete subparts**, to be answered by the party served, . . .

Although the phrase "discrete subpart" is not defined by the RCFC 33(a), the Rules Committee Note states that RCFC 33 is identical to FRCP 33. Courts interpreting FRCP 33 have recognized that extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33, by rendering it meaningless unless each subpart counts as a separate interrogatory. *See Nyfield v. Virgin Island Tel. Corp.*, 200 F.R.D. 246, 247 (D. VI. 2001) *citing Williams v. Board of County Commissioners of the Unified Government of Wyandotte, County, et al*,, 192 F.R.D. 698, 701 (D. Kansas 2000). Parties cannot evade this presumptive limitation through a device of joining as 'subparts' questions that seek information about discrete separate subjects *See id citing Advisory Committee Note*, 146 F.R.D. 401, 675-676 (Fed. 1993).

The best test of whether questions with a single interrogatory are subsumed or related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? *See Kendall v. GES Exposition Servs., Inc. et al.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997).

576053 1

Combining a single interrogatory of a demand for information and a demand for the documents that pertain to the event are clearly two distinct demands because knowing an event occurred is entirely different from learning about the documents that evidence it occurred. Thus, a demand for information about a certain event and for the documents about it should be counted as two separate interrogatories. *See Banks v. Office of the Senate Sergeant – At –Arms*, 222 F.R.D. 7, 9 (D. D.C. 2004).

Significantly, **all** of the Government's 15 numbered Interrogatories contains a subpart requesting the identity and production of any and all documents relating to SCI's response of the particular interrogatory. Based upon the analysis in *Banks*, the Government has, at a minimum, propounded 30 interrogatories on SCI in clear violation of RCFC 33.

Further, it is plain that the majority of the separate subparts contained within the United States' 15 interrogatories request information about discrete and separate subjects that can stand on their own as separate interrogatories. Accordingly, the Government has propounded interrogatories that far exceed the 25 interrogatory limit in violation of RCFC 33(a).

By way of example only, Interrogatory Number 1 contains at least 8 interrogatories within it. Interrogatory Number 1 basically summarizes part of SCI's Complaint and states that SCI contends that it is entitled to additional compensation and/or a remission of liquidated damages based upon an allegation that the United States delayed, disrupted and/or interfered with SCI's performance. After broadly summarizing part of SCI's claim in the introductory paragraph of Interrogatory Number 1, the Government then lists about 8 separate questions, which the Government apparently believes falls within the umbrella of its broad introductory paragraph. This is exactly what the limitation set forth in RCFC 33 was designed to prevent and renders the limitation meaningless.

Subpart (a) asks that SCI explain in detail the facts which SCI contends establishes or otherwise supports each such contention in the introductory paragraph. For purposes of this analysis, SCI concedes that subpart (a) is arguably subsumed or secondary to the introductory paragraph, and is not a discrete subpart. However, each of the remaining subparts (b) – (h) of Interrogatory 1, with one exception, can stand alone because they request information on specific distinct subjects or events.

Subpart (b) asks whether the impacted activities were on the critical path during the time of performance and asks for specific dates that the impacted activities were on the critical path. This interrogatory clearly stands alone because it asks about specific activities and time periods which are aimed at determining SCI's claim for an extension of time and/or remission of liquidated damages.

Subpart (c) asks for the identity of the specific date when the alleged delay to the contract performance commenced, ended, and the exact number of calendar days that performance was delayed. This subpart stands alone because it asks for specific dates and periods of delay that

SCI is claiming to justify its claim a time extension and/or remission of damages on the basis that the delay was caused by the Government or others. Subpart (d) is arguably related to subpart (c) in that it asks how SCI determined the dates requested in subpart (c).

Subpart (e) asks whether SCI acknowledges that at the time of the delay, there were other activities on the critical path that were also delayed. It is not exactly clear what the Government is asking in this subpart. However, the Government appears to seek information concerning concurrent delays, and it is separate and distinct.

Subpart (e)(2) asks SCI to explain in detail SCI's contention as to the cause for the delay and whether SCI or any of SCI's subcontractors were in any way responsible for or otherwise contributed to the delay. If so, explain the extent to which the subcontractors were responsible. This subpart is distinct in that it is aimed at the identity of the subcontractors, if any, that SCI believes are responsible for the delays claimed.

Subpart (f) is discrete in that it asks SCI to identify and produce the base "as planned" schedule and any updates relied upon to answer the other parts and subparts of interrogatory number 1. This request is separate and stands alone as a result for documents that SCI relies upon in support of its claim.

Likewise, subpart (g) asks SCI to identify and produce any documents, not previously identified, that substantiates responses to Interrogatory number 1 and all of its subparts. A demand for information about a certain event and for the documents about it should be counted as two separate interrogatories. *See Banks v. Office of the Senate Sergeant – At –Arms*, 222 F.R,D. 7, 9 (D. D.C. 2004).

Finally, subpart (h) asks SCI to identify employees of SCI, its subcontractors, suppliers or consultants who are most knowledgeable about SCI's responses to Interrogatory Number 1 and all of its subparts. A request for the identity of individuals with knowledge of certain events is certainly distinct from the request for information pertaining to the event itself.

One need only look at the subject areas of each subpart of Interrogatory Number 1 to determine that each subpart requests different information on varying subject areas, the identity of various individuals, and specific documents which can stand on their own as separate interrogatories. This analysis can be performed for almost all of the 15 numbered Interrogatories propounded on SCI.

Based upon the above, SCI reiterates its objection to the excessive number of interrogatories propounded by the Government. If the Government does not revise and reserve the Interrogatories in accordance with the Rules of Court by September 1, 2005, SCI will file a motion for protective order with the Court.

Thank you for your prompt attention to this matter.

Very truly yours,

RHOADS & SINON LLP

By: Kelly H. Decker
Kelly H. Decker

cc: George Moutis
Charles Heckman, P.E.
David W. Francis, Esq.

# EXHIBIT L

**U.S. Department of Justice**

Civil Division

DMC:FEW:TFatouros
DJ No. 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

(202) 307-5958

*Washington, D C 20530*

September 1, 2005

David Francis
Rhoads & Simon
12th Floor
One South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146

Re: Structural Concepts, Inc. v. United States, Fed. Cl. No. 04-1141C

Dear Mr. Francis:

This letter is in response to your letter of August 24, 2005. In your letter, you state that SCI believes that the Government has exceeded the allowable number of interrogatories provided by the Rules of the United States Court of Federal Claims ("RCFC"). Your belief is based, in part, upon the Government's request to identify documents that are relevant to your interrogatory responses and upon an examination of our first interrogatory request.

As stated in our August 17, 2005 letter, the purpose of the limit upon interrogatories is not to prevent discovery but to prevent potentially excessive use of this particular discovery device. Our interrogatory requests specifically target the basis for SCI's claim. A fair reading of the requests demonstrates that the Government is requesting a delineation of what SCI believes to be the basis of claims. None of the Government's requests can be characterized as unduly burdensome or outside the scope of this litigation.

In our first interrogatory request, the Government has asked for a specific recitation of what SCI believes its delay claim is based upon. The subparts of this interrogatory merely set forth the elements of a complete response to this inquiry. Each subpart is directly linked to your delay claim. Specifically, the actions of the Government can only constitute a delay if those actions affected the building plan and critical path established by SCI. The Government can conceive of no way that you can describe your delay claim in detail without setting forth what was delayed and when this delay occurred. As these subparts are distinctly related to the questions set forth, they are not discrete subparts within the meaning of the rules.

Your observation that each interrogatory also requests the identity of responsive documents can be resolved by simply producing the documents you identify as relevant. In response to the subparts requesting that SCI identify the documents supporting each response, the Government will require nothing more of SCI than a production of the documents that are related to the interrogatory. Should you produce the documents, there is no need to separately identify

the document in the text of your response.

Finally, the discovery at issue in this matter will help the parties further the resolution of this matter. Each response will set forth specifically what SCI is claiming and provide the Government the necessary information to defend this case. Additionally, this information may provide the basis to resolve this matter without further litigation. As such, I do not understand SCI's unwillingness to provide basic information concerning its claim.

If you believe these interrogatories are requesting information that would present a significant burden beyond the normal scope of the discovery process, please set forth these concerns. As these discovery requests are tailored to specific elements set forth in your claim, the Government will not revise its requests.

Very truly yours,

Thomas B. Fatouros
Trial Attorney
Commercial Litigation Branch

# EXHIBIT M

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC., Plaintiff, | NO. 04-1141 C |
| v. | |
| THE UNITED STATES, Defendant. | JUDGE LYNN J. BUSH |

**PLAINTIFF STRUCTURAL CONCEPTS INC.'S**
**MOTION TO COMPEL PURSUANT TO RCFC 37(a)(2)(B)**

Plaintiff, Structural Concepts, Inc. ("SCI"), by and through its undersigned counsel, moves this Court for an Order compelling production of certain documents identified in the privilege log provided by Defendant, the United States ("United States" or "Government") and for a more detailed privilege log pursuant to RCFC 37(a)(2)(B) as follows:

1. On July 12, 2004, Plaintiff SCI commenced the present action by filing a Complaint against the United States.

2. This lawsuit involves Contract Number F28609-99-0005 between SCI and the Government for renovations and alterations to Building 2704 Visiting Officers Quarters at McGuire Air Force Base, New Jersey (the "Project").

3. The Complaint alleges, among other things, that SCI is entitled to an extension of time due to delays caused by the Government, for extra costs and damages incurred as a result of the delays caused by the Government, and for a remission of liquidated damages imposed by the Government as a result of the delays to the Project.

4. On March 7, 2005, SCI served discovery requests on the Government, including Plaintiff Structural Concepts, Inc.'s Interrogatories to Defendant – First Set and Plaintiff Structural Concepts, Inc.'s Request for Production of Documents – First Set.

5. On or about June 22, 2005, the Government served responses to the Interrogatories and Requests for Documents, respectively. The responses include some objections and are insufficient, in part.

6. Relevant to this motion, the Government's responses also included a 14 page privilege log. A copy of the privilege log is attached to this Motion as Exhibit A.

7. The privilege log is vague, ambiguous and insufficient in that it fails to identify pertinent information such as: (a) the recipient of the identified communication; (b) whether the sender or recipient are attorneys; (c) a sufficient description of the subject matter of the communication over which the Government asserts the privilege so that SCI can assess the Government's claim of confidentiality; and (d) the specific basis for the claim of either the attorney-client or work product privileges.

8. On August 5, 2005, SCI's counsel sent a detailed letter to the Government's counsel setting forth the deficiencies and inadequacies in the Government's responses including the privilege log. The letter requested that the Government address these deficiencies in a timely manner. A copy of SCI's August 5, 2005 letter to the Government is attached to this Motion as Exhibit B.

9. With respect to the privilege log, SCI informed the Government of the following deficiencies:

> Fourth, your privilege log is deficient. It does not provide sufficient information to justify the withholding of information. The log does not identify the specific topic of the document, the specific basis for the allegation that it is either a protected attorney-client communication and/or work product or the identity of the individual to who it was provided. Based upon this lack of information, it is extraordinarily difficult to assess your claim of confidentiality. There is no reason provided as to why confidential

information cannot be redacted from the documents identified.
Please address this deficiency.

10. To date, the Government has not responded to SCI's letter nor has the Government modified its privilege log to address the deficiencies identified by SCI.

11. The Government's failure to provide the requested documents is delaying SCI's ability to complete depositions and finalize an expert report. The deadline for fact discovery in this case is September 15, 2005.

12. Therefore, SCI files this motion to compel and relies on the accompanying brief in support of its Motion to Compel.

WHEREFORE, Structural Concepts Inc. respectfully requests that the Government be required to produce the documents listed in the privilege log in redacted form and provide a revised and more detailed privilege log provide a more detailed privilege log specifically identifying: (a) the recipient of the listed communications, (c) whether the sender and the recipient are attorneys, (b) a more detailed description of the subject matter of communication over which the Government asserts the privilege so that SCI can assess the Government's claim of confidentiality, and (d) the specific basis for the claim of either the attorney-client or work product privileges. Structural Concepts Inc. further requests that it be awarded expenses, including attorneys fees pursuant to RCFC 37(a)(4).

Rhoads & Sinon LLP

By: s/ David W. Francis
David W. Francis
Kelly H. Decker
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731
Attorneys for Plaintiff,
Structural Concepts Inc.

Date: September 9, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2005, a true and correct copy of the attached STRUCTURAL CONCEPTS INC.'S MOTION TO COMPEL and accompanying BRIEF IN SUPPORT OF STRUCTURAL CONCEPTS INC.'S MOTION TO COMPEL was served and filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s David W. Francis
David W. Francis

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC., Plaintiff, | NO. 04-1141 C |
| v. | |
| THE UNITED STATES, Defendant. | JUDGE LYNN J. BUSH |

**CERTIFICATION OF DAVID W. FRANCIS IN SUPPORT OF MOTION TO COMPEL PURSUANT TO RCFC 37(a)(2)(B)**

I represent Plaintiff Structural Concepts, Inc. ("SCI") in the above-captioned matter. This Certification is submitted in support of SCI's Motion for to Compel documents identified in the privilege log provided by the Defendant United States pursuant to RCFC 37. I certify that I have conferred in good faith with counsel for the United States in an effort to secure the information without court action. This is evidenced by the correspondence attached to the accompanying Motion to Compel. On September 8, 2005, I spoke to counsel for the United States and advised that I would be filing the referenced motion.

Rhoads & Sinon LLP

By: /s David W. Francis

David W. Francis
Kelly H. Decker
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff,
Structural Concepts Inc.

Date: September 9, 2005

577738 1

# EXHIBIT N

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STRUCTURAL CONCEPTS, INC., Plaintiff, | NO. 04-1141 C |
| v. | |
| THE UNITED STATES, Defendant. | JUDGE LYNN J. BUSH |

**PLAINTIFF STRUCTURAL CONCEPTS INC.'S**
**MOTION FOR PROTECTIVE ORDER**

Plaintiff, Structural Concepts, Inc. ("SCI"), by and through its undersigned counsel, moves this Court for a Protective Order from Answering Interrogatories propounded by Defendant, the United States (the "United States" or the "Government") in excess of the limitations set forth in the Rules of the Court of Federal Claims as follows:

1. On July 12, 2004, Plaintiff SCI commenced the present action by filing a Complaint against the United States.

2. This lawsuit involves Contract Number F28609-99-0005 between SCI and the Government for renovations and alterations to Building 2704 Visiting Officers Quarters at McGuire Air Force Base, New Jersey (the "Project").

3. The Complaint alleges, among other things, that SCI is entitled to an extension of time due to delays caused by the Government, for extra costs and damages incurred as a result of the delays caused by the Government, and for a remission of liquidated damages imposed by the Government as a result of the delays to the Project.

4. On or about August 10, 2005, the Government served Defendant's First Set of Interrogatories and Defendant's First Set of Requests for Production of Documents on SCI. A copy of the Government's discovery requests to SCI are attached to this Motion as Exhibit A.

5. Although the Government numbered the Interrogatories to SCI 1through 15, each of the fifteen interrogatories contains subparts which, when counted individually, far exceed that which is permissible under RCFC 33(a) governing interrogatories.

6. On August 15, 2005, SCI sent a letter to the Government objecting to the interrogatories on the basis that they exceed the limitation of 25 interrogatories set forth in RCFC 33(a) and requested that the Government revise and re-serve the Interrogatories in accordance with the Rules of Court by August 19, 2005. A copy of SCI's August 15, 2005 correspondence to the Government is attached to this Motion as Exhibit B.

7. By letter dated August 17, 2005, the Government refused to provide amended interrogatories on the basis that "none of the Government's 15 interrogatories contains discreet subparts within the meaning of RCFC." A copy of the Government's August 17, 2005 correspondence to SCI is attached to this Motion as Exhibit C.

8. On August 24, 2005, SCI sent correspondence to the Government analyzing the reasons that the Government's interrogatories are in violation of RCFC 33(a) because they contain voluminous subparts which far exceed the 25 interrogatory limit contained in the applicable Rules. SCI provided examples of how the interrogatories exceed the permissible limitations. SCI again requested that the Government provide revised interrogatories by September 1, 2005, otherwise, SCI would file a motion for protective order. A copy of SCI's August 24, 2005 correspondence to the Government is attached to this Motion as Exhibit D.

9. On September 1, 2005, the Government responded to SCI's letter that the subparts contained in each of its 15 interrogatories were related subparts and therefore within the permissible limits of the Rules. The Government again refused to revise its requests. A copy of the Government's September 1, 2005 correspondence to SCI is attached to this Motion as Exhibit E.

10. Rule 26(c) of the Court of Federal Claims provides, in pertinent part:

> Upon motion by a party. . .accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; . . .(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery to be limited to certain matters.

11. Rule 33(a) of the Rules of the Court of Federal Claims provides, in pertinent part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, **not exceeding 25 in number, including all discrete subparts,** to be answered by the party served, . . .

12. By SCI's very generous count, the Government has served at least sixty-one (61) separate interrogatories on SCI.

13. The excessive number of interrogatories served on SCI by the Government are designed to annoy, oppress and unduly burden SCI causing it to incur unnecessary expenses in answering them. Consequently, a protective order is warranted pursuant to RCFC 26(a).

14. As evidenced by the attached Certification of David W. Francis, counsel for SCI, SCI has conferred with counsel for the Government in good faith in an effort to resolve the

within dispute regarding the excessive number of interrogatories propounded on SCI by the Government, but was unsuccessful. Thus, SCI seeks this court's intervention.

15. SCI seeks a protective order limiting the number of interrogatories to 25 as provided by RCFC 33(a) and relies on the accompanying Brief and Certification of David W. Francis in support thereof.

WHEREFORE, Structural Concepts Inc. respectfully requests that the Government be required to revise its interrogatories in accordance with RCFC 33(a) to provide no more than 25 interrogatories together with discrete subparts. Structural Concepts Inc. further requests that it be awarded expenses, including attorneys fees pursuant to RCFC 37(a)(4).

Rhoads & Sinon LLP

By: /s David W. Francis
David W. Francis
Kelly H. Decker
One South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff,
Structural Concepts, Inc.

Date: September 9, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2005, a true and correct copy of the attached STRUCTURAL CONCEPTS INC.'S MOTION FOR PROTECTIVE ORDER and accompanying BRIEF IN SUPPORT OF STRUCTURAL CONCEPTS INC.'S MOTION TO FOR PROTECTIVE ORDER was served and filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s David W. Francis
David W. Francis

# EXHIBIT O

U.S. Departme... of Justice

Civil Division

PDK:DMC:FEW:RHipp
DJ No.: 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

Tel: (202) 305-3091
Fax: (202) 307-0972

*Washington, D.C. 20530*

September 9, 2005

VIA FACSIMILE (717) 231-6600

David Francis, Esq.
Rhoads & Simon
12th Floor
One South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146

Re: Structural Concepts, Inc. v. United States, Fed. Cl. No. 04-1141C (Fed. Cl.)

Dear Mr. Francis:

This letter responds to your request for a written proposal for modifying the December 27, 2004 preliminary scheduling order. I believe it is necessary to enlarge the remaining deadlines by approximately 150 days, in light of the following: (1) this case was transferred to me on September 1, 2005, as a result of Tom Fatouros's departure from the National Courts Section; (2) discovery disputes exist, as evidenced by the motion to compel and the motion for a protective order that you filed today; (3) depositions have not been taken.

It would appear obvious from the above that discovery cannot be completed by the current deadline of September 15, 2005. Accordingly, I intend to file a motion requesting that the Court modify the preliminary scheduling order as follows:

| | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery: | September 15, 2005 | February 15, 2006 |
| Disclosure Of Expert Reports: | November 15, 2005 | April 15, 2006 |
| Joint Status Report: | December 30, 2005 | May 30, 2006 |

Please let me know your client's position on this proposal by no later than the close of business on September 13, 2005.

Very truly yours,

ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch

# EXHIBIT P

70 Years
RHOADS & SINON LLP

David W. Francis
ph (717) 237-6738
fx (717) 231-6600
dfrancis@rhoads-sinon.com

FILE NO: 9415/1

September 14, 2005

**VIA E-MAIL, FACSIMILE, AND U.S. MAIL**

Roger A. Hipp, Esq.
Trial Attorney
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Re: Structural Concepts, Inc. v. The United States
In the United States Court of Federal Claims
Docket No. 04-1141C (Judge Lynn J. Bush)

Dear Mr. Hipp:

This letter follows up on my letter of August 5, 2005 to Thomas B. Fatouros and your letter of September 9, 2005. As explained herein, the United States continues to be dilatory in its discovery obligations. For this reason, Structural Concepts, Inc. ("SCI") cannot agree with your requested five (5) month extension of time. The United States' deficiencies include:

Failure to provide verification or signature. Rule 33(b)(1) and (2) specifically requires answers to interrogatories be verified under oath and signed. The answers provided by the United State have neither. Structural Concepts, Inc. ("SCI") notified the United States of this defect in its letter of August 5, 2005. The United States never responded. Please provide this.

Deficient Answers to Interrogatories. SCI's letter of August 5, 2005 specifically identified deficiencies with respect to the United States' answers to interrogatories nos. 1, 5 and 8. The United States has not responded to this. The letter specifically noted that the Untied States has failed to provide the addresses of certain individuals. The United States' answer suggests that contact—presumably including the issuance of a subpoena—can be arranged through counsel for the Untied States. SCI needs the address for every witness that is not employed by the United States so that these witnesses can be subpoenaed for deposition and trial. Please provide this information.

Failure to produce documents. SCI's letter of August 5, 2005 specifically addressed the United States' failure to provide copies of all documents responsive to its request for the production of documents. The United States has not responded to this. Please provide these documents.

Failure to provide an adequate privilege log. SCI's letter of August 5, 2005 specifically addressed the Untied States' failure to provide an adequate privilege log. This failure is the subject of the pending motion to compel. SCI cannot imagine that the United States will have a defense to this motion. Accordingly, provide the proper privilege log.

Disclosure of attorney communications. SCI's letter of August 5 specifically informed the United States that it provided certain attorney communications. It further stated that the United States may want to address whether the disclosures were inadvertent. It specifically requested the Untied States to identify any such documents and provide a justification for their return. The United States has not responded. Based upon this lack of response, SCI has concluded that the United States waives any claims of privilege or confidentiality with respect to all such documents provided. SCI intends to use these documents during all phases of this matter. Based upon this waiver, SCI also intends to take the depositions of Denise McLane and Brian Varn.

Extension of time. SCI's letter of August 5 also stated that if the United States was seeking an extension of time,[1] it should identify the exact period sought in writing. The August 5 letter stated that the request would be submitted to SCI for its review. The United States did not provide any such written request until your letter of September 9, 2005—which is just six (6) days before the end of discovery.

As promised in the August 5 letter, SCI has carefully reviewed your request. Based upon a review of the sequence of events in this matter, SCI has concluded that the reasons provided by the United States for an extension of its obligations under the current schedule have little or no merit.

First, the United States is using its own failures as a basis for the request. This fact is evident from reviewing the history of this case. The attached timeline shows that the Untied States failed to conduct any discovery in support of its defenses for 231 days. It finally propounded interrogatories and requests for the production of documents on August 10, 2005—only 36 days before the close of discovery.

---

[1] Untied States counsel suggested an undefined extension of time during the August 5, 2005 telephone discussion.

Second, the discovery disputes in this matter are the fault of the United States—not SCI. The United States failed to provide the required discovery, failed to provide it timely and it failed to serve a limited number of interrogatories as required by the rules. The outstanding discovery disputes only justify an extension of time for SCI to complete discovery—not the United States.

Third, SCI's August 5 letter specifically informed the Untied States of witnesses it wanted to depose. Had the Untied States acted diligently, the depositions could have been completed on time. However, as explained above, the Untied States failed to respond to SCI.

Notwithstanding these facts, and with full reservation of rights, SCI will agree to a thirty (30) day extension of time to the current schedule based upon the United States' full agreement and performance by September 16, 2005 of the following:

- Withdrawal of the current set of interrogatories propounded upon SCI.
- Providing SCI with a verified and signed answer to the interrogatories.
- Providing full and complete answers to all deficient interrogatories.
- Providing address information for all witnesses who are no longer employed by the United States or those witnesses who the United States cannot compel to attend a deposition. This includes Linda Williams.
- Providing all documents requested by SCI in its document request of March 7, 2005.
- Providing a full and complete privilege log in accordance with applicable rules and case law (see SCI's current motion to compel for an identification of the minimum requirements).
- Providing redacted copies of all documents which the Air Force is refusing to produce.
- Agreeing to the deposition schedule as set forth on the attached calendar.

Please let me know if this is acceptable.

Thank you for your prompt attention to this matter.

SCI reserves all rights.

Very truly yours,

RHOADS & SINON LLP

By: David W. Francis

Enclosures

cc: George Moutis

# ates Chronology




SCI v. United Sta
Jul 12, 2004
Complaint Filed by SCI
Oct 15, 2004
Answer filed by United States
Dec 22, 2004
Order establishing deadlines for discovery
Mar 7, 2005
SCI serves interrogatories and requests for documents upon United States
Jul 2004
Aug 2004
Oct 2004
Nov 2004
Dec 2004
Jan 2005
Feb 2005
Mar 2005
Dec 22, 20
United States Dela

# October 2005

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3<br>0900—Varn<br>1300—McLane | 4<br>0900—DeMito<br>1100—Tudor<br>1400–Carter | 5<br>0900—Capenos<br>1100—Lora<br>1400–Scott | 6 | 7<br>0900–Williams | 8 |
| 9 | 10 | 11<br>0900—Baker<br>1500–Scirrotto | 12 | 13<br>0900–Smith | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |