# In the United States Court of Federal Claims

No. 04-1141 C

(Filed September 30, 2005)

* * * * * * * * * * * * * * * * * * * * * * * *
STRUCTURAL CONCEPTS, INC., *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

Before the court are three motions from the parties concerning the discovery phase of this suit. On September 9, 2005, plaintiff filed a Motion to Compel Pursuant to [Rules of the United States Court of Federal Claims] RCFC 37(a)(2)(B) and a Motion for Protective Order. On September 15, 2005, defendant filed a Motion to Modify Scheduling Order. Although responsive briefing was begun on these motions, the court ordered a telephonic status conference concerning the motions to be held on September 29, 2005. Because further argument has been deemed unnecessary, today's order sets forth the court's rulings on all three motions and permits the parties to redirect their energies to the productive completion of discovery in order to make progress toward the final resolution of the substantive issues presented by this litigation.

Plaintiff's motion to compel asks the court to order defendant to provide plaintiff with a privilege log that would meet the standard set forth in *Yankee Atomic Electric Co. v. United States*, 54 Fed. Cl. 306, 309 (2002). Defendant's response to plaintiff's motion to compel represents that defendant will revise its submitted privilege log to meet the standard requested by plaintiff. For this reason, plaintiff's motion to compel is denied, as moot.

Plaintiff's motion for a protective order seeks to avoid answering defendant's interrogatories on the grounds that defendant has submitted more than the twenty-five interrogatories allowed by RCFC 33(a). Although defendant's interrogatories were numbered one through fifteen, plaintiff asserts that the subparts of these interrogatories are discrete interrogatories in themselves and that the number of interrogatories exceeds twenty-five. The court has examined defendant's interrogatories and finds that the subparts, for the most part, are not discrete interrogatories because either the subparts pursue common themes of the numbered interrogatory, or they are secondary questions that are logically subsumed in the numbered interrogatory. Thus, the interrogatory limit in RCFC 33(a) has not been exceeded according to the standards set forth in *Nyfield v. Virgin Islands Telephone Corp.*, 200 F.R.D. 246, 247 (D.V.I. 2001) and *Williams v. Board of County Commissioners*, 192 F.R.D. 698, 701 (D. Kan. 2000) (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed. 1994)).

Even if the court agreed with plaintiff that defendant has propounded more than twenty-five discrete interrogatories, these interrogatories are all relevant and necessary to the complex litigation before the court and are not excessive. The court would exercise its discretion under RCFC 33(a) and allow all of defendant's interrogatories in any case. In addition, defendant, it should be noted, now asks for a one-step "production" of documents related to the interrogatory responses and has abandoned each interrogatory subpart requesting "identification" of these produced documents, further lessening the burden on plaintiff. For these reasons, plaintiff's motion for a protective order is denied.

Defendant's motion to modify the court's scheduling order of December 27, 2004 is denied as moot, because the parties have committed to reaching an agreement on an amended schedule which they shall propose to the court.

Finally, plaintiff has requested "expenses, including attorney's fees pursuant to RCFC 37(a)(4)" related to the filing of its two discovery-related motions. The government, not surprisingly, opposes plaintiff's request. Plaintiff's motion to compel had some effect, in that defendant has now agreed to submit a revised privilege log, and this revised log, once submitted, would meet one of the criteria of RCFC 37(a): an award of expenses to the movant is possible if "the motion is granted or if the disclosure or requested discovery is provided after the motion is

filed." RCFC 37(a)(4)(A). However, there is a threshold requirement that the movant give "reasonable notice" to the nonmovant before filing the motion. RCFC 37(a). There are also several additional factors which the court must consider before deciding whether or not to award expenses under RCFC 37(a)(4)(A): "[the nonmovant shall be required to pay the movant's expenses] unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." *Id.* Here, the court need not decide whether plaintiff's communications with defendant were lacking reasonable notice and good faith, because the recent change of lead attorney for defendant created "other circumstances" which would make an award of expenses to plaintiff unjust, particularly in this case, where plaintiff's response to defendant's interrogatories was qualitatively no better than defendant's privilege log. *See De Graffenried v. United States*, 2 Cl. Ct. 640, 646 (1983) ("Therefore, this court concludes that because both parties contributed equally to the discovery disputes which gave rise to the motion to compel, neither party shall be awarded costs."). For these reasons, plaintiff's request for expenses pursuant to RCFC 37(a)(4)(A) is denied.

As to plaintiff's motion for a protective order, the award of expenses to the movant resisting discovery does not appear to be contemplated under RCFC 37(a)(4) and RCFC 26(c). *See Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994) ("The sanctions provisions of Rules 26 and 37 authorize expenses *against* a party resisting discovery by unreasonably necessitating a motion to compel or by *unreasonably moving for a protective order*.") (emphasis altered from original). In any case, plaintiff's motion for a protective order was denied, and it is to the prevailing nonmovant, not the unsuccessful movant, that the court might, in other circumstances, award expenses under RCFC 26(c) and RCFC 37(a)(4). *See Coplin v. United States*, 1 Cl. Ct. 144, 146 (1983) (citing rules 26(c) and 37(a)(4) of the Claims Court and contemplating an award to the nonmovant, not the movant for a protective order resisting discovery, when that motion was denied). For these reasons, expenses will not be awarded under RCFC 37(a)(4) for plaintiff's motion for a protective order.

Accordingly, it is hereby **ORDERED** that:

(1) Plaintiff's Motion to Compel Pursuant to RCFC 37(a)(2)(B), filed on September 9, 2005, is **DENIED**, as moot;

(2) Plaintiff's Motion for Protective Order, filed on September 9, 2005, is **DENIED**;

(3) Defendant's Motion to Modify Scheduling Order, filed on September 15, 2005, is **DENIED**, as moot;

(4) Plaintiff's request for expenses pursuant to RCFC 37(a)(4)(A) is **DENIED**; and,

(5) The parties shall **FILE** their **Joint Proposed Amendment to the December 27, 2004 Scheduling Order** on or before **October 13, 2005**.

s/Lynn J. Bush
LYNN J. BUSH
Judge